51 So.2d 257

## ANDERSON v. STATE.

### 4 Div. 154.

Court of Appeals of Alabama.
Jan. 9, 1951.

Rehearing Denied Jan. 30, 1951.

See also, 34 Ala.App. 658, 43 So.2d 322.

Geo. Wallace, Jack W. Wallace, and M. I. Jackson, of Clayton, for appellant.

558

A. A. Carmichael, Atty. Gen., and Geo. W. Cameron, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant has been convicted of carnally knowing a girl over twelve and under sixteen years of age.

The alleged victim was appellant's daughter. The indictment against appellant originally contained three counts, the first count charging carnal knowledge, the second count charging assault with intent to rape, and the third count charging incest. At his first trial appellant was found guilty under count one, (carnal knowledge) thus working an automatic acquittal under counts two and three. The judgment in this case was reversed because of errors infecting the proceedings, and the present review concerns the conviction of this appellant on his second trial on the carnal knowledge count of the indictment.

The State did not introduce the alleged victim as a witness. By and large the State's case depends upon the testimony of Dr. James Reid, through whom it sought to establish the corpus delicti, and the testimony of Marshall Williams, Sheriff of Barbour County, whose testimony tends to establish an oral confession made by appellant.

Dr. Reid testified that shortly after this alleged offense was committed he had examined Janie Frances Anderson, shown by the evidence to be fifteen years old. Dr. Reid testified that after his examination it was his judgment that this girl had had intercourse with a man.

On cross examination Dr. Reid testified that he based his conclusions on the fact that he found the girl's vagina considerably dilated for one of her age, with no injury of any kind to the surrounding tissues. He further testified that he could not swear positively that the girl had been penetrated by a male organ; that it was possible that the dilation could have been caused by some mechanical object.

On redirect examination Dr. Reid testified that while he did not see any man have intercourse with the girl, and he could not swear as a positive fact that the girl had been penetrated by a male organ, and it was possible for the vaginal dilation to have been caused by some object other than a male organ, he reiterated his conclusion that in his judgment the dilation he found had resulted from sexual intercourse.

After Dr. Reid's testimony the State introduced as a witness Marshall Williams, Sheriff of Barbour County. Mr. Williams first testified as to facts tending to establish completely the voluntary character of statements made to him by the appellant after his arrest.

Over appellant's objection solely on the ground that the corpus delicti had not been established Mr. Williams was permitted to detail these statements, which were confessory in nature.

Among other things which Mr. Williams stated the appellant had told him we copy the following: "And on several occasions that he had played with her and fondled her, and on several occasions while he would go to the pasture that she and the other children would go with him and they would play hiding and that he and Janie Frances would get off and that he would play with her then, and he said on two or three occasions that he penetrated her just a little bit but either she resisted or his

conscience would get to hurting him and he never did complete it."

· Testifying in his own behalf the appellant denied that he had at any time had any improper relations with his daughter, and contended that the sheriff had misinterpreted the statements he made to him. Appellant's testimony also tended to show that he had been offered inducements to make the statements, in that he claimed that the County Solicitor had reminded him of their friendship, and had told him it would be better for him to confess.

 All of the above of course merely created conflicts of fact ultimately within the province of the jury to decide, the State's evidence having first satisfied the court that the confession was voluntarily made. Vernon v. State, 239 Ala. 593, 196 So. 96. We find no basis for predicating error either on the court's conclusion as to the voluntariness of the confession, nor on weight accorded its credibility by the jury.

Appellant's counsel have asserted several points in their brief as constituting error in this record. We have examined all such contentions and are clear to the conclusion that except in one instance these points are not well taken, and involve principles well settled. We will refrain from a discussion of these non meritorious points.

The only real and material point in this record pertains to the court's action in overruling appellant's objection to the introduction of the confessory statements through Sheriff Williams, on the ground that the corpus delicti had not been established prior to their introduction.

 The law relating to the requisite sufficiency of the corpus delicti to permit the introduction of a confession, and the assistance which such confession may render in rounding out an otherwise inconclusive corpus delicti, so that taken together the State's burden of proving beyond a reasonable doubt that the crime charged has been committed is set forth most clearly by Somerville, J., in Hill v. State, 207 Ala. 444, 93 So. 460, 461, as follows:

"In every criminal prosecution the burden is on the state to prove beyond a reasonable doubt that the crime charged has been in fact committed, and that the accused is the person who committed it. Winslow v. State, 76 Ala. 42, 47; Smith v. State, 133 Ala. 145, 150, 31 So. 806, 91 Am. St.Rep. 21; Perry v. State, 155 Ala. 93, 46 So. 470; Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L.R.A.,N.S., 536.

"Circumstantial evidence may afford satisfactory proof of the corpus delicti; and if any facts are shown from which the jury may reasonably infer that the crime has been committed, the question must be submitted to the jury, and other evidence tending to implicate the accused is thereby rendered admissible. Cases supra; Matthews v. State, 55 Ala. 187; Ryan v. State, 100 Ala. 94, 14 So. 868.

"But a mere extrajudicial confession, uncorroborated by other facts, is not sufficient to show the corpus delicti, and cannot support a conviction. Johnson v. State, 142 Ala. 1, 37 So. 937; Patterson v. State, 202 Ala. 65(9), 79 So. 459; Matthews v. State, 55 Ala. 187, 195.

\* \* \* \* \* \*

"Under the decisions of this court above noted, it must be considered as settled that inconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of the accused so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction, although such facts and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti. Matthews v. State, 55 Ala. 187, 195; Ryan v. State, 100 Ala. 94, 95, 14 So. 868. And this seems to be the general rule. 16 Corpus Juris, § 1514, p. 737."

 No motion to exclude Dr. Reid's testimony was made. He testified to the effect that in his judgment, based upon his examination of appellant's daughter, that the dilated condition of her vagina had resulted from penetration by a male organ. While Dr. Reid stated that this dilation could have resulted from numerous other causes, the uninjured condition of the surrounding tissues led him to the conclusion that a male organ was the causative agent of the dilation. Although Dr. Reid's testi-

mony as to the cause of the dilation was of necessity inconclusive, we are of the opinion that it was sufficient prima facie for the jury to reasonably infer that the girl had been carnally known, thus establishing prima facie the corpus delicti, and, therefore a sufficient basis for the submission of the confessory statements of the appellant to the jury. Aided by the confessory statements, the inconclusive character of the corpus delicti is made reasonably certain. The totality of such evidence removes all doubt as to the efficacy of the State's evidence to sufficiently sustain the burden of the State in meeting its required degree of proof.

We are of the opinion that this record is free of error probably injurious to the substantial rights of this accused. This cause is therefore ordered affirmed.

Affirmed.

50. So.2d 291