90 So.2d 845

Billy Joe BREEDWELL

v.

STATE.

8 Div. 870.

Court of Appeals of Alabama.

Nov. 20, 1956.

Smith & Moore, Guntersville, for appellant.

John Patterson, Atty. Gen., and J. Noel Baker, Asst. Atty. Gen., for the State.

622

PRICE, Judge.

The indictment was in two counts, the first charging rape, and the second carnal knowledge, or abuse in the attempt to carnally know, a girl over twelve and under sixteen years of age. Conviction was under the second count.

■ Defendant's motion to require the State to elect under which count it would prosecute was properly overruled. Both counts named Evelyn Virginia Edwards as the injured party, and it was manifest both from the indictment and the evidence that there was no 'effort to require defendant to answer more than one offense, but that the purpose and effect of the joinder was to meet the different aspects in which the evidence may present a single transaction. Mayo v. State, 30 Ala. 32; Herring v. State, 16 Ala.App. 98, 75 So. 646; Flournoy v. State, 251 Ala. 285, 37 So.2d 223.

■ The testimony for the State tended to show that the prosecutrix, Evelyn Virginia Edwards, was waiting for a school bus on March 9, 1955, when defendant picked her and her younger brother up in his automobile. The brother got out of the automobile and defendant took her into a wooded area two miles beyond the school, where he forcibly ravished her. The place where this act took place was in Marshall County. The defendant then drove to Huntsville, taking the prosecutrix with him. The prosecutrix testified that defendant forcibly ravished her five times between the hours of seven o'clock in the morning and three o'clock in the afternoon. At this time the prosecutrix was under fifteen years of age having been born on the 15th day of March, 1940.

Dr. J. M. Crawford, of Arab, testified he examined the prosecutrix about 8:30 P. M., the 9th day of March, 1955. She had bruises on the upper arm and forearm, back, both hips and thigh; she also had a marked redness of the vulva, the external part of the birth canal, with swelling and laceration. It was the witness' opinion that prosecutrix had had sexual intercourse.

The defendant denied that he had sexual intercourse with prosecutrix. He testified prosecutrix had a date with Bobby Dean Breedwell, defendant's brother, and that he picked her up at his brother's request. He admitted that he drove to Huntsville with prosecutrix and his brother, but denied that he was alone with her at any time. Bobby Dean Breedwell testified that on occasions during the day he was alone with prosecutrix, but that defendant was never alone with her and did not have intercourse with her on that date.

The testimony presented a question of fact for the determination of the jury, and was ample if believed by them to the requisite degree, to sustain the verdict of guilt. There was no error in the court's action in denying the motion to exclude the State's evidence, nor in refusing the affirmative charge.

■ There was no error in the court's action in admitting in evidence the "verification of birth record" of Evelyn Virginia Edwards, issued by Otis F. Gay, M. D., County Health Officer of Madison County. Prudential Ins. Co. v. Calvin, 227 Ala. 146, 148 So. 837; Sorrow v. Industrial Life & Health Ins. Co., 259 Ala. 544, 68 So.2d 43; Title 22, § 42, Code 1940, as amended.

■■ During the direct examination of Bobby Dean Breedwell, a defense witness, the brother of appellant, the following occurred:

"Q. Now, I am going to ask you a question but don't answer until I have explained something to you. I am going to ask you did you have sexual intercourse with the prosecutrix, Evelyn Virginia Edwards on that day. Now, don't answer. Let me ask the Court to instruct him this: If his answer to that question is no, he should answer no, but if he is going to answer yes, he did have sexual intercourse with her, he has the privilege to decline to answer on the ground his answer might be inclined to incriminate him.

"Mr. Carroll: We object to that. He is trying to testify in this case. We think if he is going to testify he should get on the stand and the jury should be excused from this hearing if he is going to insist on testifying for the witness himself.

"Mr. Smith: I am just advising him as to his rights and asking the Court to do that. Have I properly advised him as to his rights?

"The Court: I think so.

"Q. Do you understand the question and do you understand your rights?

"Mr. Carroll: We object to the question.

"The Court: Overrule.

"Q. Do you understand the question and do you understand your instructions? A. Yes.

"Q. Now, proceed to answer whether you had sexual intercourse with her on that day? A. I refuse to answer.

"Q. On the ground it might tend to incriminate you? A. Yes, sir.

"The Court: I think I should instruct the jury, of course, that is not to be taken as a yes answer for any purpose that might have in deciding this man's case. In other words, you won't consider that at all one way or the other. Just obliterate it from your mind because he actually hasn't testified.

"Mr. Moore: We except to the Court's instructions to the jury as he last instructed the jury as to any inference that might be drawn.

"The Court: Might not draw. I didn't say they could draw any.

"Mr. Moore: One ground of objection is that the Court was not asked to instruct the jury along those lines and the other ground is that a doctor has testified that there was an intercourse, that it did take place on that day and if there was someone other than the defendant had intercourse with the prosecuting witness on that day, the jury may consider that in determining whether or not it was actually this defendant that had intercourse.

"The Court: I agree with you if you want to bring somebody in here to so testify. But this witness hasn't testified he did have intercourse with her. By refusing to testify the jury couldn't assume he did. That would be giving a leeway you are not entitled to. If he wants to testify here under oath, the attorney for the defendant told him his rights. If he wants to testify under those circumstances, he may. That's up to him. It just wouldn't be proper to infer something from a double negative and I will overrule your objection to that. The jury is entitled to know that.

"Mr. Moore: We renew our objection to the Court's further instructions and except on the same ground as stated to the first objection and exception.

"The Court: All right."

Appellant insists that by his instruction to the jury in this instance the trial court violated the provisions of Section 270, Title 7, Code 1940, which declares: "The court may state to the jury the law of the case, and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties."

In Dunn v. State, 8 Ala.App. 410, 62 So. 996, 997, the court said: "A charge upon the effect of the evidence is a charge which instructs the jury that certain facts in issue have been proved or not proved, or that certain evidence in the case does or does not establish a certain fact or facts in dispute, or directs the jury what their finding on an issue of fact must be if they believe the evidence in the case, etc."

624

In Griffin v. State, 76 Ala. 29, the Supreme Court in holding there was no error in the observation of the trial court that there was certain evidence in the case, said: "The remark seems to have been made in reply to a suggestion that there was no such evidence. 'Whether there be any evidence or not, is a question for the judge; whether it is sufficient evidence, is a question for the jury.' 1 Greenl. on Ev. Sec. 49."

The words of the court here were not a charge upon the effect of the evidence, but were simply a statement by the court that the witness had not answered the question and therefore had not testified as to whether he had had sexual intercourse with the prosecutrix. "The court does not invade the province of the jury by stating that there is or is not evidence of particular facts, when such is the case." 23 C.J.S., Criminal Law, § 1171.

Requested charge 15 was properly refused. Hannon v. State, 34 Ala.App. 173, 38 So.2d 26.

There being no reversible error in the record the judgment is affirmed.

Affirmed.

