UNITED STATES of America,
Plaintiff-Appellee,

v.

Jimmie Earl WHITE, Defendant-
Appellant.

No. 71–2570.

United States Court of Appeals,
Fifth Circuit.

May 10, 1972.

Quinlivan, Jr., Mobile, Ala. (court appointed), for defendant-appellant.

Charles S. White-Spunner, U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before GOLDBERG, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

The defendant, Jimmie Earl White, was convicted by a jury of (1) possession of an unregistered still or distilling apparatus in violation of 26 U.S.C.A. §§ 5179 and 5601(a) (1), (2) unlawful production or use of material fit for production of distilled spirits in violation of 26 U.S.C.A. § 5601(a) (7), and (3) possession of property intended for use in an illegal still in violation of 26 U.S.C.A. § 5686(a). The trial court suspended sentence and placed the defendant on probation for a period of three years. On appeal, Jimmie Earl White seeks reversal of his conviction on the basis of alleged errors occurring in the district court's instructions to the jury.

At the very conclusion of the trial court's charge to the jury the district judge, relying upon language approved by this court in United States v. Blue, 5 Cir. 1970, 430 F.2d 1286, stated the following:

"Now, I have talked to you about 15 minutes but I want to narrow it down and tell you what your job is in very little or few words. If that is the man that the officers saw at the still and he did the things that the officers say he did, then he is guilty. Now, it's just that simple. If he is not the man then he is not guilty. If he is the man that they saw at the still and he did the things they say, told you they saw him do, then he is guilty."

After the court gave this instruction the defendant objected, contending that it

constituted a partial directed verdict of guilty. The trial court overruled the objection and further instructed the jury:

"I forgot to tell you one thing. There is only one of two verdicts you can find. Either he was guilty or not guilty. The Clerk, for your convenience, has prepared a form for each verdict. It's true the indictment is in three counts. I think the posture of this case is if the man is guilty, he is guilty of all three counts. If he is not guilty, he is not guilty of all three counts."

The trial court concluded by instructing the jury as to the proper use of the verdict forms. At this point the defendant also objected to the above-quoted instruction, but his objection was overruled. The jury then retired and later returned a verdict of guilty on all three counts. The defendant asserts that the cumulative effect of the above-quoted instructions amounts to reversible error. We agree.

■ In United States v. Womack, 5 Cir. 1972, 454 F.2d 1337, 1344, this court held that the *Blue* charge is no longer approved in this Circuit. As the Government correctly notes, however, it is the responsibility of this court to evaluate the trial court's charge as a whole, and not by isolated sentences or segments. *E. g.*, United States v. Green, 5 Cir. 1970, 433 F.2d 946; January v. United States, 5 Cir. 1969, 409 F.2d 31. In making our over-all assessment, we first note that the *Blue* charge was given at the tail end of the trial court's instructions to the jury. More importantly, however, it is not unlikely that the jurors placed considerable importance on the *Blue* charge because the trial judge himself gave his words significance when he told the jury that the *Blue* charge represented a capsulation of both the court's entire instructions to the jury and the jury's responsibility in this particular case.

Of course, we are not unsympathetic to the Government's claim that at the time this case was tried in March of 1971 the *Womack* case had not yet been decided and the *Blue* charge was still alive and kicking. Indeed, we would not be inclined to reverse the defendant's conviction if the only error with which we were faced was the giving of the *Blue* charge. However, as noted above, the trial judge also instructed the jury that the extent of their prerogatives was to find the defendant either guilty or not guilty of all three counts. It is clearly within the sole province of a jury to determine whether or not the defendant in this case was guilty of only one or two counts, and the trial court's "all or nothing" instruction concerning the defendant's guilt or innocence cannot be allowed to stand. Therefore, the defendant's conviction is reversed and the case remanded for a new trial.

Reversed and remanded.