282 So.2d 65

Henry PEEPLES

v.

STATE.

2 Div. 89.

Court of Criminal Appeals of Alabama.

Aug. 28, 1973.

Drake, Knowles & Still, University, for appellant.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

JAMES H. CALDWELL, Circuit Judge.

The defendant was indicted and tried to a jury for the offense of carnal knowledge or the abuse in the attempt to know a named girl child under the age of twelve years. Upon jury verdict and judgment of guilty, the defendant was sentenced to fifteen years imprisonment in the penitentiary.

At the conclusion of the State's evidence, the defendant moved the Court for a directed verdict upon the ground that the State failed to present facts which could sustain a conviction for the offense charged. Denial of this motion is assigned as error on this appeal.

During the testimony of the prosecutrix, the State was permitted to obtain her testimony by leading questions over the repeated objections of the defendant. The overruling of specific objections by the defendant, particularly as to the res gestae matters, is assigned as error in that the trial court abused its discretion in permitting the State to elicit testimony from the prosecutrix, a nine-year-old girl, through leading questions.

At the conclusion of the State's evidence, the defendant offered his motion for a directed verdict and upon being overruled, the defendant rested without presenting any evidence on his behalf.

The evidence tended to show that the prosecutrix, a girl nine years of age at the time of defendant's trial, while in the yard of a "Becky's" house at about dusk during the month of May, 1971, in Eutaw, Alabama, was picked up by the defendant. He then carried her into the house where no one else was present, laid her down, lay on her and then "stuck his private parts in her private parts." While on top of her he hurt her, also, at some point while inside the house he took off the prosecutrix's pants.

State's witness Polk testified· that he heard a girl hollering so he went to the house, kicked the door down and saw the defendant standing in the room and the prosecutrix crying and trying to get out the back door. At this time the defendant's clothes were all on, the prosecutrix's dress was down, and her panties were on the floor.

The witness Polk, aged seventeen, did not inform the prosecutrix's mother of what was seen, but did inform his own mother some thirty minutes later. Prosecutrix's mother then talked to the child and received the complaint that the child had been hurt. The mother examined the child, but was unable to find any evidence at that time of injury. On Monday following the child was taken for medical examination and at this time, the medical doctor found an abrasion adjacent to but outside the vagina; he further found the hymen still intact. He further testified that in his medical opinion no penetration had been found.

The defendant's objections to specific leading questions, the overruling of which he assigns as error in that the trial court abused its discretion, and the assigned error in the refusal of the trial court to grant his motion for directed verdict arose out of the testimony of the prosecutrix as set forth below in her direct examination by the district attorney:

"Q. All right, when he picked you up in the yard, what took place then?

"A. He placed me in the house and laid me down.

"Q. He placed you in the house and laid you down?

**628**

"A. Yes, sir.

"Q. All right, what did he do then?

"A. He got on me.

"Q. He got on you? Is that what you said?

"A. Yes sir.

"Q. What did he do when he got on you?

"MR. HARVEY: Judge we object to that. It's leading.

"THE COURT: Overrule the objection.

"MR. HARVEY: We except.

"Q. All right, what did he do when he got on you?

"A. Laid down on me.

"Q. He laid down on you. All right, what did he do when he laid down on you?

"A. He got on me.

"Q. I know, but what did he do? Just go ahead and tell us. Tell us now. When he got on you, what did he do?

"A. He got on me.

"Q. Well what did he do when he got on you? Did he hurt you in any way or anything?

"A. No sir—yes sir.

"Q. He did hurt you?

"MR. HARVEY: What was her answer?

"THE COURT: She said, 'Yes, sir.'

"MR. HARVEY: But she said, 'No sir' first.

"Q. What did he hurt?

"MR. HARVEY: Judge, we object to leading the witness.

"MR. BOGGS: This is a nine year old child, and the courts have certainly held you have a world of discretion in that.

"THE COURT: Overrule the objection.

"MR. HARVEY: We except. He's leading this witness and putting words in her mouth.

"MR. BOGGS: I haven't put anything in her mouth.

"THE COURT: Let's proceed. The Court overrules the objection.

"MR. HARVEY: We except.

"THE COURT: All right, go ahead.

"A. Then he said if I hollered he'd kill me.

"Q. He said if you hollered he'd kill you?

"A. Yes sir.

"Q. Do you know what his private parts are?

"A. Yes sir.

"Q. What did he do with his private parts?

"MR. HARVEY: We object.

"THE COURT: Overrule the objection.

"MR. HARVEY: We except.

"Q. All right, what did he do with his private parts?

"A. Put it in me.

"Q. He stuck his private parts in you?

"A. Yes sir.

"MR. HARVEY: We object to leading.

"MR. BOGGS: That's what she said.

"MR. HARVEY: I didn't hear her.

"MR. BOGGS: Well you come over here closer and listen. I'm repeating only what she says.

"Q. You say he stuck his private parts in your private parts?

"A. Yes sir.

"THE COURT: Talk a little louder.

"Q. You say he did stick his private parts in your private parts.

"MR. HARVEY: Judge, we object. He's asked that three times, and he's trying to prejudice the jury.

"MR. BOGGS: No, I'm not. I'm just trying to make it clear.

"MR. HARVEY: Just a minute. Judge did you rule on my objection?

"THE COURT: Overrule the objection.

"MR. HARVEY: We except, and we ask for a mistrial at this time inasmuch as he's asked the same question three times, and he's testifying.

"THE COURT: Overrule the motion.

"MR. HARVEY: We except.

"Q. Is that what you said he did?

"A. Yes sir.

"Q. And that's the truth, is it?

"A. Yes sir.

"Q. And what took place then? Just tell us what happened then.

"A. He had a piece of glass in his hand.

"Q. He had a piece of glass in his hand?

"A. Yes sir.

"Q. What did he say he's do with the glass?

"MR. HARVEY: We object.

"THE COURT: Overrule objection.

"MR. HARVEY: We except. He's assuming that he did say he'd do something with it.

"THE COURT: I understand, Mr. Harvey, but this is a nine year old child testifying.

"MR. HARVEY: You overrule my objection?

"THE COURT: Yes sir.

"MR. HARVEY: We except.

"Q. All right, what did he say he's do with the glass?

"A. He said he'd kill me with it.

"Q. He said he'd kill you with it?

"A. Yes sir.

"Q. If what?

"MR. HARVEY: We object to 'if what.' We object to him testifying and not the witness, and we ask that this testimony be excluded your Honor.

"THE COURT: Motion overruled.

"MR. HARVEY: We except.

"Q. All right, he said he's kill you with the glass. Did he tell you anything else?

"A. No sir.

"Q. What?

"A. No sir.

"Q. And you did say that he hurt you?

"A. Yes sir.

"Q. Did you cry?

"A. Yes sir.

"Q. And this all took place here in Eutaw, Greene County, Alabama?

"A. Yes sir.

"Q. Had he taken off your pants?

"MR. HARVEY: Judge, we object to that.

"THE COURT: Overrule the objection.

"MR. HARVEY: We except.

"A. Had he taken off his pants?

"MR. HARVEY: We object again.

"THE COURT: Overrule the objection.

"MR. HARVEY: We except.

"Q. Did he take them off?

"MR. HARVEY: He's assuming he did something.

"THE COURT: I understand.

"A. Yes, sir.

"MR. BOGGS: She said, 'Yes, sir.'

"Q. Is that right?

"A. Yes sir.

Defendant strenuously urges that this testimony, together with the testimony of the medical doctor which reflected abrasions adjacent to the outer part of the vagina and the further medical opinion that no penetration was made, did, as a matter of law, fail to establish either (1) actual penetration of the male sexual organ into the sexual organ of a female under the age of twelve, or (2) injury or hurt to the genital or sexual organs of such female in the attempt to have carnal knowledge of such child.

We have carefully considered the testimony set forth as related by the prosecutrix and find that it was amply sufficient to establish either penetration or injury to the female sexual organs in the attempt to abuse the sexual organs of the prosecutrix, and that the trial court's denial of the motion for directed verdict was not in error.

In ruling on objections to propounded questions on the basis of their leading nature, trial courts are generally allowed a wide latitude of discretion. However, in prosecutions of carnal knowledge of a child under the age of twelve years or abuse in an attempt to have carnal knowledge the trial courts are allowed an even greater discretion. This is true because of the tender age of the prosecutrix. Puckett v. State, 213 Ala. 383, 105 So. 211. An examination of the prosecutrix by leading questions, suggested questions and also questions to refresh the recollection of the witness are all within the discretion of the Court and only the abuse of such discretion will be revised. We cannot say that the trial court abused its discretion in this case and assignment of error predicated thereon is, therefore, without merit.

We note that this judgment entry fails to show that the trial judge asked the defendant if he had anything to say before the sentence of the court and the judgment of the law was to be pronounced upon him. The cause must be remanded for proper sentencing because of this omission.

The foregoing opinion was prepared by Honorable JAMES H. CALDWELL, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code of Alabama 1940, as amended; the Court has adopted his opinion as its own.

We have examined the entire record in this review and finding no error, the judgment and conviction of the defendant is affirmed, but the cause is remanded as indicated.

Affirmed but Remanded for Proper Sentence.

All Judges concur.