THOMAS E. HUEY, Jr., Circuit Judge.
Appellant was convicted of robbery and sentenced to imprisonment in the penitentiary for ten years.
I
On October 20,1975, two men armed with shotguns entered Bear’s Family Cue Club, ordered everyone in the pool hall to get on the floor, and forced the manager to place the contents of the cash register, $130.00, in a sack. The two men then effected their escape with the money. Both of the men had shirts wrapped around their faces with holes for their eyes.
The police arrived some ten or fifteen minutes later. They were unable to apprehend any suspects.
One month after the robbery, on November 20, 1975, the appellant, George Alan Sharp, and his cousin, Tommy Harbin were taken into custody and taken to the police station. Harbin was found at his apartment and the appellant was found at a nearby recreation center. Their arrests followed the receipt by Detective Patrick Dill-aha of information concerning the involvement of Harbin in the robbery of Bear’s Family Cue Club.
At the police station, Detective Dillaha advised the appellant of his constitutional rights. The appellant was then asked whether he understood his rights, and he replied that he did. The appellant was asked whether he wished to talk with the officers, but he did not reply. Detective Dillaha then advised Tommy Harbin of his constitutional rights. Harbin then agreed to talk with the officers.
Harbin subsequently told Detective Cur-lee that he had been with the appellant at the time he robbed Bear’s Cue Club. When Detective Curlee told the appellant that Harbin had confessed and had implicated the appellant, the appellant agreed to tell the detective about the robbery. The appellant was taken into an adjoining room and was asked to write a statement. The statement was subsequently signed by the appellant in the presence of Detectives Dill-aha and Curlee. In the statement, the appellant confessed to robbing Bear’s Cue Club. He said that he and his cousin, Tommy Harbin, went into the pool hall with tee shirts over their faces and committed the robbery. He said that he had obtained a shotgun from his friend by telling the friend that he was going to use the gun on a hunting trip.
The defense in the case consisted of the alibi testimony of the appellant’s neighbor and testimony of the appellant that he was coerced into signing the confession.
On rebuttal, the State called as a witness Dale Wayne Walker, the jailer who booked the appellant on the night of his arrest. Photographs which the jailer had taken at the time the appellant was booked were introduced into evidence, and the jailer testified that he did not observe any cuts, bruises, or swollen places on or about the appellant’s face. Detective Dillaha was also called on rebuttal and testified that he did not slap the appellant.
II
The first claim of error is that the trial judge, in responding to a question by the jury, made a comment prejudicial to the appellant. After entering upon its deliberation, the jury indicated that it had some questions for the judge. The following occurred:
“THE COURT: Your second question pertains to custody of a prisoner. How long are the police allowed to hold a prisoner without his being able to see his attorney or make a call for help?
“JUROR: That’s correct.
“THE COURT: Your question can not be answered under our law. There is no definite time. With the permission of the parties, you may have seen in old movies that they are holding 48 or 72 hours for investigation or on open charge. That has no basis for substance in our law. I would say this, that there is no time set *520 out in our law as to answer that question. I believe the testimony was in this case that the Defendant was placed under arrest and advised of the charge against him prior to arriving at the police station.”
That portion of the foregoing response by the court to the jury’s question claimed by the appellant to be prejudicial is as follows:
“I believe the testimony was in this case that the defendant was placed under arrest and advised of the charge against him prior to arriving at the police station.”
It should be noted in the first place that defense counsel took no exception to the court’s comment or any part of the comment. Immediately following the court’s response to the jury’s questions the following occurred:
"THE COURT: Anything further from the State?
“MR. LOFTIN: No sir.
“THE COURT: Anything further from the defense?
“MR. BAEDER: No sir.”
We have held in Breedwell v. State, 38 Ala.App. 620, 90 So.2d 845 (1957) that the court does not invade the province of the jury by stating that there is or is not evidence of particular facts, when such is the case. See also, Seibold v. State, 287 Ala. 549, 253 So.2d 302 (1970) to like effect. In the latter case, the Supreme Court also held that where defense counsel took no exception to remarks of the trial court, counsel would not be heard to complain of the remarks on appeal from conviction.
The record shows that the remarks of the trial court were accurate. Detective Dill-aha testified that after appellant was handcuffed and on the way to the police station he told appellant he was being “picked up” in connection with a robbery. The appellant himself testified' that he was arrested at an entertainment center ■ and was told before arriving at the police station that he was being arrested for robbery. It is clear that the trial court’s statement to the jury concerning the testimony in the case was correct and that the trial court did not err.
Ill
The next claim is that the court erred in holding that the alleged confession of appellant was voluntary and admissible.
We are cited to the following cases by the appellant: United States v. Carignan, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48; Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090; Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262.
These cases state the well-recognized rule that the confession of a person accused of crime is admissible in evidence only if voluntarily made without duress, fear, or compulsion in its inducement. It is to be noted that in Wilson v. U. S., supra, the Supreme Court of the United States said:
“When there is conflict of evidence as to whether a confession is or is not voluntary, if the court decides that it is admissible, the question may be left to the jury, with the direction that they should reject the confession if, upon the whole evidence, they are satisfied it was not the voluntary act of the defendant.”
The appellant also cites Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 ALR 3rd 974; Citing Malinski v. New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029 and others.
Detective Dillaha and Detective Curlee testified on voir dire examination, out of the presence of the jury, concerning the confession of appellant. Detective Dillaha testified as follows:
“Q. I ask you, Officer Dillaha, at this time did you have a conversation with the Defendant, George Allen Sharp?
“A. Yes sir.
“Q. What did you say to him?
“A. I advised him of his rights under the Miranda warning.
“THE COURT: What did you tell him? “Q. Did you read to him from a card or from your memory?
“A. I read to him from a card.
*521 “Q. Do you have the card with you?
“A. Yes sir.
“Q. Is it the same card you had with you on November 20, 1975, or the early morning hours of November 21?
“A. Yes sir, do you want me to read it?
“THE COURT: Tell us what you said.
“A. You have the right to remain silent. If you chose [sic] to talk you may stop talking at any time. Anything you say can and will be used against you in a Court of law. You have the right to talk to a lawyer of your own choosing or with anyone else and you may have your counsel present during any questioning or during any statement you may make. If you can not afford a lawyer one will be appointed for you free of charge before any questioning. Waiver. Do you understand each of the rights just stated to you? Do you understand that we are not threatening you, nor are we promising you anything in order to secure a statement from you?
“Q. Did he say anything in reply to that?
“A. He answered in the affirmative.”
Detective Curlee testified on voir dire examination, out of the presence of the jury, that he advised appellant of his rights by reading them “off the top of the voluntary statement form.” This portion of the statement form is as follows:
“VOLUNTARY STATEMENT (Under Arrest)
“Date 11-20-75 Time 12:00 P.M. Place HPD I George Allan Sharp, am 18 years of age and my address is 1507 A Randolph.
“I have been advised and duly warned by Pet. Curlee who has identified himself as Pet. City Police Dept, of my right to the advice of counsel before making any statement, and that I do not have to make any statement at all, nor incriminate myself in any manner.
“I hereby expressly waive my right to the advice of counsel, and voluntarily make the following statement to the aforesaid person, knowing that any statement I make may be used against me on the trial or trials for the offense or offenses concerning which the following statement is herein made.
“I declare that the following statement is made of my own free will without promise of hope or reward, without fear or threat of physical harm, without coercion, favor or offer of favor, without leniency or offer of leniency, by any person or persons whomsoever.”
Following the reading of this, the appellant wrote in longhand on the form a rather detailed confession of the robbery.
Detective Dillaha testified that he did not threaten appellant in any way or offer him any reward or promise any hope of reward. Detective Curlee testified that he had not threatened, coerced, struck, or held out any hope of reward to the appellant to induce him to confess.
We find no error on the part of the trial court in admitting the confession in evidence.
The fact that the appellant made his confession only after being told of his cousin Harbin’s confession did not render the confession inadmissible, for the mere confrontation with a coindictee’s confession is not unlawfully coercive. Vander Wielen v. State, 47 Ala.App. 108, 251 So.2d 240, writ denied 287 Ala. 742, 251 So.2d 246 (1971).
In Sheppard v. State, 49 Ala.App. 674, 275 So.2d 353 (1973) this Court said:
“It has further been held that where evidence of the circumstances surrounding a confession is conflicting on voir dire, the trial court must decide on its admissibility and then, if the confession is admitted, controverted testimony for defendant goes to the jury on its credibility.”
At the conclusion of the oral charge to the jury, the court gave the following written charge requested by the appellant.
“If you believe the defendant was coerced into signing the confession, you may disregard the confession.”
No motion for new trial was filed by the appellant.
*522 IV
We have considered the entire record under Code 1940, T. 15, Sec. 389. From this examination, we conclude that error is not made to appear, and that the judgment below should be affirmed.
The foregoing opinion was prepared by Honorable THOMAS E. HUEY, Jr., Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of § 38, T. 13, Code 1940, as amended; the Court has adopted his opinion as its own.
The judgment below is hereby
AFFIRMED.
All the Judges concur except CATES, P. J., not sitting.