The appellant was indicted for burglary in the second degree and grand larceny. A jury found him guilty as charged in the indictment and the trial judge sentenced the appellant to eight years imprisonment. The appellant is represented by court appointed counsel both at trial and on appeal.
During the night of February 12, 1976, Mister Hamburger at 3316 Bob Wallace Avenue in Huntsville, Alabama, was burglarized. Without detailing the specific facts, the state proved through the testimony of the owner-manager and his wife that the building was broken into, entered, and that certain articles were taken.
At approximately 4:30 on the morning of the 13th of February, the car in which the appellant was riding was stopped by officers of the Huntsville Police Department for driving without lights. At that time *Page 19 
the officers noticed items in the automobile which they later learned had been taken in the burglary.
At trial the appellant presented no evidence in his defense.
 I
The appellant contends that the trial court erred in not allowing defense counsel's oral motion to strike the entire jury venire as a result of a remark made by a member of that jury venire in the presence of other members. During voir dire of the venire and in response to defense counsel's questions, one venireman stated that he could not reach a fair and impartial verdict as a result of his knowledge of the defendant. The individual venireman did not indicate whether his prejudice was for or against the appellant. He was challenged for cause and properly excused.
The trial judge acted properly in overruling the motion to strike the entire jury venire. A challenge to the array or a motion to quash or strike the venire will not be sustained unless it is alleged and proved that the whole venire is tainted with prejudice. Nickerson v. State, 283 Ala. 387,217 So.2d 536 (1969); Junior v. State, 47 Ala. App. 518,257 So.2d 844, cert. denied, 288 Ala. 744, 257 So.2d 852, cert. denied,407 U.S. 923, 92 S.Ct. 2473, 32 L.Ed.2d 810 (1971); Lane v.State, 40 Ala. App. 174, 109 So.2d 758 (1959); Burton v. State,194 Ala. 2, 69 So. 913 (1915). The objection goes to the individual juryman and not to the whole venire or panel.
 II
The appellant contends that the trial court erred in admitting evidence of items allegedly stolen but not listed in the indictment.
On an indictment for larceny where the state of the proof presents the material question of the identity of the accused, evidence is admissible to show that other property had been stolen at the same time as the property described in the indictment, and that the property so stolen was in the possession of the accused at the same time he was in possession of property charged to have been stolen in the indictment.Yarborough v. State, 41 Ala. 405 (1868); Grant v. State,55 Ala. 201 (1876); Beckley v. State, Ala.Cr.App., 335 So.2d 244
(1976).
Furthermore, testimony that in addition to the articles listed in the indictment there had also been taken certain other articles is admissible as part of the res gestae.McFarling v. State, 35 Ala. App. 191, 45 So.2d 322, cert. denied, 253 Ala. 501, 45 So.2d 324 (1950); Taylor v. State,19 Ala. App. 600, 99 So. 733, cert. dismissed, Ex parte Taylor,211 Ala. 282, 100 So. 331 (1924); Bibb v. State, Ala.Cr.App.,339 So.2d 1108 (1976); Mitchell v. State, 57 Ala. App. 601,329 So.2d 658, cert. denied, 295 Ala. 412, 329 So.2d 663 (1976).
 III
The appellant further contends that the state did not carry its burden in proving the voluntariness of the confession. This contention is without factual support in the record.
Although the appellant was questioned before he admitted his guilt, it affirmatively appears that after being left alone for a short time, the appellant requested to talk to a detective and then made his confession. Before any questioning was initiated or statement made, the appellant was given hisMiranda warnings. The appellant did not testify or present evidence on the hearing to determine the admissibility of the confession. The evidence concerning the circumstances of the giving of the confession is not conflicting or contradictory.
Reviewing the totality of the circumstances we are of the opinion that the circumstances affirmatively disclose the voluntariness and volunteeredness of the confession. Thompsonv. State, Ala.Cr.App., 347 So.2d 1371, cert. denied, Ala.,347 So.2d 1377 (1977); Elliott v. State, Ala.Cr.App., 337 So.2d 158
(1976).
 IV
In its oral charge to the jury the trial judge made the statement that:
 "This indictment, as I say, charges the Defendant with the offenses of burglary and grand larceny.
 "It charges burglary in the second degree and burglary in the second degree as *Page 20 
charged in this indictment is the breaking into and entering of a building of the type set forth and described in this indictment, with the intent to steal."
The appellant submits that this was an improper comment upon the evidence.
The court does not invade the province of the jury in a criminal prosecution by stating that there is or is not evidence of particular facts when such is the case. Breedwellv. State, 38 Ala. App. 620, 90 So.2d 845 (1957). It is the duty of the trial judge to state the law of the case to the jury. Title 7, § 270, Code of Alabama 1940, Recompiled 1958. In noting that the building described in the indictment was of the type subject to second degree burglary, the trial judge was simply noting as a matter of fact what the law of the case charged. The judge's instructions were certainly not an improper comment upon the evidence but rather constitute a description of the charge against the accused.
Although we have considered this issue on its merits, we note that there was no objection to the quoted remark of the trial judge and the appellant should not now be heard to complain.
 V
Finally the appellant alleges error in the failure of the trial court to charge the jury that the state has the burden of proving the corpus delicti of the charged crime independently of any confession.
It is well recognized that there must be independent proof of the corpus delicti in a criminal case before any confession or inculpatory statement may be admitted in evidence against the accused. Gamble, McElroy's Alabama Evidence, 3rd Ed., § 200.13, p. 443; 6 Alabama Digest, Criminal Law, Key Number 535. A confession without independent evidence of the corpus delicti is not sufficient to support a conviction. Arnold v. State,57 Ala. App. 172, 326 So.2d 700 (1976). Upon proper motion (either a motion to exclude the state's evidence or a motion for a directed verdict) the existence of the proof of the corpus delicti is a question of law for the trial judge. While a defendant's confession in a criminal case cannot properly be received as evidence until some independent proof of the corpus delicti has been adduced, the prima facie sufficiency of such preliminary proof is a question for the court. Floyd v. State,82 Ala. 16, 2 So. 683 (1886). It is for the judge to determine whether there is testimony sufficient to make it appear prima facie that a crime has been committed, but its ultimate determination on conflicting and contradictory evidence is for the jury. Patterson v. State, 202 Ala. 65, 79 So. 459 (1918). Questions as to the admissibility of a confession address themselves to the trial judge while the credibility and weight to be given a confession are matters exclusively for the jury.Lewis v. State, 295 Ala. 350, 329 So.2d 599 (1976).
The trial court was correct in refusing to charge the jury that the state has the burden of proving the corpus delicti independently of any confession. Under the above principles this was a matter for determination by the trial judge.
We have carefully searched the record for error and finding none, it is our judgment that this case is due to be and is hereby
AFFIRMED.
All Judges concur.