In August of 1974 the Grand Jury of Tuscaloosa County indicted the appellant for rape. This court reversed the appellant's first conviction for this crime due to an irregularity in the Tuscaloosa County juror selection process. See Beckley v. State, Ala.Cr.App., 342 So.2d 1330 (1976). On retrial the appellant was again convicted and sentenced to a term of one hundred fifty years imprisonment.[1] Before the appellant was retried, the victim of the rape died. Therefore her recorded testimony in the first trial was read to the second jury.
On December 3, 1971, the eighty-three year old victim, who lived alone in Tuscaloosa, Alabama, was at home listening to the radio. She had latched the screen doors to the front and back porches of her house and was fully clad lying across the bed in her bedroom. Suddenly a man leaped on top of her while another man proceeded to rummage through and ransack her belongings. She could see neither the man who raped her nor the other intruder well enough to identify either of them, but did notice that the rapist was wearing glasses.
The rapist and his accomplice left the house in a ransacked condition; the victim's clothes were torn and her face taped with adhesive tape. A jar of vaseline and a roll of tape were found near or on the victim's bed. Two sets of footprints were found in *Page 544 
the house. A light bulb from the back porch "drop cord light" was missing.
A physical examination conducted the night this incident occurred revealed that the victim sustained severe swelling and redness of the labia and of the large lips on the outside of the female organs and multiple minor lacerations; also slight bleeding, generalized tenderness in the area of the vagina, and small cuts on the vaginal wall itself were detected.
In a statement given to police officers, the appellant blamed his companion, a Robert Lewis for the rape and disclaimed any willing participation in the venture. He stated that on the night he and Lewis entered the victim's home he was dressed entirely in black and was wearing "shades", and he further stated that Lewis did not have glasses on. The appellant admitted having unscrewed the light bulb to the back porch light and having touched various other articles on which his fingerprints might have been found. He maintained that he was checking out the windows in various rooms of the house to make sure their presence had not been observed by any neighbors. In his statement the appellant alleged that Lewis must have previously been inside the house because they entered through the front door. The appellant stated that Lewis had already raped the victim before he got there and although Lewis attempted to get the appellant to "mess with that old lady", the appellant refused. At trial no defense was offered.
 I
Initially the appellant contends that his conviction should be reversed because of the failure of the state to prove penetration.
An essential element of the crime of rape is actual penetration. Liptroth v. State, Ala.Cr.App., 335 So.2d 683, cert. denied, Ala., 335 So.2d 688 (1976).
 "However, penetration to any particular extent is not required, * * * nor need there be an entering of the vagina or rupturing of the hymen, the entering of the vulva or labia being sufficient; but some degree of entrance of the male organ within the labia pudendum is essential." Thomas v. State, 53 Ala. App. 232, 236, 298 So.2d 652, 656, cert. denied, 292 Ala. 755, 298 So.2d 657 (1974) quoting from 75 C.J.S. Rape § 10b p. 472.
Although the fact of penetration must be established beyond a reasonable doubt in order to sustain a conviction for rape, it need not be proved in any particular form of words, and circumstantial evidence may suffice. Anderson v. State,35 Ala. App. 557, 51 So.2d 257 (1951). See also 75 C.J.S. Rape § 71 p. 547.
A review of the facts leads us to the conclusion that the state established a prima facie case of rape and that there was sufficient evidence from which the jury could find that the element of penetration was present. A consideration of the victim's testimony that a "heavy body was on top of her", her subsequent complaint of rape, and the nature and location of the injuries she sustained constitute circumstantial evidence of the fact of rape and are inconsistent with any other reasonable conclusion. By the appellant's own admission the victim was raped, though not by him. The admission of the accused in conjunction with the other evidence was sufficient proof of penetration to sustain a conviction for rape. Mora v.State, 74 Tex.Cr. 26, 167 S.W. 344 (1914). Whether there was actual penetration was a question of fact for the jury.Liptroth, supra; Peeples v. State, 50 Ala. App. 626,282 So.2d 65 (1973).
 II
In his confession to the police, the appellant stated, in substance, that he removed a light bulb from a drop cord light on the back porch of the victim's house so the neighbors would not see him. In the oral instructions to the jury the trial judge charged:
 "Say two people are going to commit a crime in a lighted area and in order to keep the light from shining on them one of them turn (sic) the lights off or takes the bulb out of the socket so that they will not be seen in the commission of an *Page 545 
act of assault of some nature. Then, of course, the person removing the bulb being present there, he would be just as guilty as the person who committed the assault if he did aid and abet the person who committed the assault or I could give you many, many definitions but you are to determine from all the evidence you have heard here as to whether or not the accused did in fact aid or abet the person who committed the act of rape, if you find that the accused did not actually commit the act of rape."
The appellant contends that this charge was misleading in that it failed to refer to an accused having an intent to aid and abet and amounted to a charge upon the effect of testimony.
In Dunn v. State, 8 Ala. App. 410, 412, 62 So. 996, 997 (1913) the rule is stated
 "A charge upon the effect of the evidence is a charge which instructs the jury that certain facts in issue have been proved or not proved, or that certain evidence in the case does or does not establish a certain fact or facts in dispute, or directs the jury what their finding on an issue of fact must be if they believe the evidence in the case, etc."
See also Wyman v. State, 47 Ala. App. 643, 259 So.2d 849 (1972);Breedwell v. State, 38 Ala. App. 620, 90 So.2d 845 (1956). As inDunn, supra, "the charge criticised is clearly not a charge upon the effect of the evidence but one merely in explanation and illustration of the meaning of a rule of evidence given on a hypothesized state of facts." It was neither an instruction on what the evidence showed nor an instruction that, if the evidence did so show, the jury must find the defendant guilty.
The appellant's allegation that the cited portion of the charge is misleading is without merit and is based upon a consideration of an isolated remark of the trial judge. Portions of the oral charge excepted to must be construed in connection with the whole charge of the court. Nixon v. State,268 Ala. 101, 105 So.2d 349 (1958); White v. State, 42 Ala. App. 249, 160 So.2d 496 (1964); Standard v. State, 51 Ala. App. 176,283 So.2d 627 (1973). It is the responsibility of this court to evaluate the trial court's oral charge to the jury as a whole and not by isolated sentences or segments. United States v.White, 459 F.2d 990 (C.A.Ala. 1972); Wright v. State, 269 Ala. 131, 111 So.2d 596 (1959). We call attention to the fact that other portions of the court's oral charge correctly explained the requisite elements of intent and knowledge in the act of aiding and abetting. Also, after exception was taken, the trial judge carefully cautioned the jury on the proper interpretation to be given his examples and further instructed the jury on the law of aiding and abetting. For these reasons we find that the criticized charge was neither misleading nor a comment upon the effect of the evidence.
The appellant's objection to another portion of the trial judge's charge as misleading and as a misstatement of the law is also without merit for the reasons we have stated.
 III
As a final argument the appellant contends that the trial court committed reversible error in admitting into evidence hospital records of the victim which contained hearsay statements of the prosecutrix going into the details of the alleged rape. From the record we are unable to determine the nature of this complaint for the reasons that the hospital records are not contained in the record on appeal and the appellant has not stated or set forth the objectionable details allegedly contained in the hospital records. This court cannot review rulings relating to the admission of records where such records do not appear in the record. Swindle v. State,27 Ala. App. 549, 176 So. 372, cert. denied, 234 Ala. 621,176 So. 375 (1937). Under such circumstances, we must indulge the presumption in favor of the trial court's ruling. Rogers *Page 546 v. State, 275 Ala. 588, 157 So.2d 13 (1963). Moreover there was no objection to the introduction of the hospital records at the time they were offered. Objection came only after the records had been admitted into evidence. An objection to evidence must be made when that evidence is offered. Walker v. State,265 Ala. 233, 90 So.2d 221 (1956).
We have carefully reviewed the entire record and are of the opinion that the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All Judges concur.
[1] On the appellant's first conviction, punishment was fixed by the jury at fifteen years. The fact that he received an increased jury sentence under his second conviction presents no violation of his constitutional rights as the record does not indicate that the second jury was aware of the sentence in the first trial. Chaffin v. Stynchcombe, 412 U.S. 17,93 S.Ct. 1977, 36 L.Ed.2d 714 (1973); McDonald v. State, 56 Ala. App. 147, 320 So.2d 80 (1975). The appellant has not advanced this issue on appeal.