The Grand Jury of Houston County returned an indictment against the appellant, *Page 293 
Johnny Hammock, charging him with rape in the first degree. Appellant entered a plea of not guilty. A jury found the defendant guilty of rape in the first degree as charged in the indictment. The court duly sentenced the appellant to imprisonment in the penitentiary of the State Of Alabama for the term of his natural life. The appellant appeals to this Court.
The appellant was represented at all proceedings in the trial court by counsel, and is represented in this Court by the same counsel, appointed by the trial court. This appeal was submitted to this Court on briefs.
No useful purpose would be served by a detailed statement of the sordid facts shown in this record of the trial of a twenty-six-year-old male person raping an eight-year-old girl child. Sufficient evidence was presented by the state to the jury to prove appellant's guilt beyond a reasonable doubt of the offense of rape in the first degree. The appellant in his brief states three reasons why he thinks his conviction should be reversed. First, the trial court erred to his prejudice by allowing state's counsel to ask leading questions to the victim of the rape; second, by overruling appellant's objection and allowing a state witness to testify as to what the witness heard the victim say regarding her assailant, without definitely showing it to have been within earshot of the appellant; third, by commenting upon the evidence in overruling appellant's objection to a statement made to the jury by state's counsel in his closing argument.
The first error complained of by appellant is that he objected to state's counsel asking leading questions to state's witness, the victim of the rape. After the witness was asked qualifying questions on direct examination, the court ruled, as follows: "THE COURT: She is an eight-year-old girl and I am going to allow him to lead her. Go ahead."
The trial court may, in its discretion, allow leading and suggestive questions to be made on direct examination. We have reviewed the direct examination, and the cross-examination, of this eight-year-old girl child, the victim of a rape, and find nothing in the record to indicate that the trial judge abused his discretion by allowing state's counsel to propound leading questions to her. Puckett v. State, 213 Ala. 383, 105 So. 211;Myers v. State, Ala.Cr.App., 367 So.2d 550; Certiorari Denied, Ala., 367 So.2d 552; McElroy's Alabama Evidence, 3rd Ed., Sec. 121.05 (8); Myhand v. State, 259 Ala. 415, 66 So.2d 544;Peeples v. State, 50 Ala. App. 626, 282 So.2d 65.
The second contention of the appellant is that the trial court erred to his injury when it allowed state's witness, Patricia Feggins, to testify over his objection that the injured party, a little eight-year-old girl child, said to Patricia Feggins, the witness, that: "She told me Jesus had raped her." We quote from the record, during the direct examination of state's witness, Patricia Feggins, by state counsel, Thomas W. Sorrells:
 "Q Did someone come up to you and tell you something at that time?
"A Yes. Two little girls.
 "Q After you talked to the little girls, did you go anywhere?
"A Yes.
 "Q Did you go to where a little girl was sitting in a lawn chair?
"A Yes, sir.
 "Q Describe to the Court and Jury what her appearance was at that time.
"A She was laying in the chair bloody.
"Q Tell us where you saw the blood on her, Patricia?
"A All over.
"Q Now, did you ask her what had happened?
"A Yes.
 "Q At that time, did you see anyone around the side of the house?
"A Yes.
 "Q Where was this person standing in relation to where the little girl was?
"A In front, facing the house.
 "Q Had you seen the little girl before she was in the chair, did you see her come and get in the chair or ___ *Page 294 
"A No. She was there when I got there.
"Q Did you ask her what happened?
"A Yes.
"Q What did she say happened?
 "MR. GRUENEWALD: We object to that on the grounds of hearsay, Your Honor.
"MR. SORRELLS: We will rephrase the question.
"BY MR. SORRELLS:
 "Q Who was that person standing on the side of the house?
 "A The dude they call Johnny Hammock, they call him Jesus.
"Q Do you see him anywhere in this Court Room?
"A Yes.
"Q All right. Would you point him out, please?
"A (Witness indicating.)
"Q This man right here?
"A Uh-huh.
 "MR. SORRELLS: Let the Record show that she pointed to the Defendant, Johnny Hammock.
"BY MR. SORRELLS:
 "Q Now, did you ask the little girl what happened to her then?
"A Yes.
"Q What did she say?
 "MR. GRUENEWALD: We object to that on the grounds of hearsay, Your Honor.
 "MR. SORRELLS: That was in the Defendant's presence, Your Honor. And it also shows ___ can we approach the Bench?
 "(Thereupon, an off the Record discussion was held between the Court and the Attorneys of Record. Upon completion of said discussion, the following proceedings were had, to-wit:)
"BY MR. SORRELLS:
 "Q Was Johnny Hammock there at the time you asked what happened to her?
"A Yes.
"Q What did she say then?
 "MR. GRUENEWALD: We object to that, unless it can be shown that he heard that.
 "THE COURT: You say he was there in your presence and her presence?
 "THE WITNESS: Yes. He was standing facing the house.
"THE COURT: How far away was that?
 "THE WITNESS: The house was, the chair was here and like that was the house. It wasn't too far from the chair.
"THE COURT: Just point out how far.
 "THE WITNESS: Like the chair was here and that is the house.
"THE COURT: That close, just right there?
"THE WITNESS: Uh-huh.
 "THE COURT: Okay. And, he was there that close to you and the little girl at the time she told you this?
"THE WITNESS: Yes.
"THE COURT: I overrule you.
 "MR. GRUENEWALD: Your Honor, I would like to further make an objection to it being hearsay, this testimony is hearsay. And besides that, the witness is here too, Miss Feggins said something and the District Attorney could have asked her.
 "THE COURT: I understand that. But, as I understand from this testimony, it was in the presence of this Defendant, which takes it out of the hearsay rule.
"MR. GRUENEWALD: I object most respectfully.
BY MR. SORRELLS:
"Q You say the chair was at the corner of the house?
"A It was in the middle of the house.
 "Q Okay. All right. Now, did you ask her what happened?
"A Yes.
"Q What did she say?
"MR. GRUENEWALD: I object. *Page 295 
"THE WITNESS: She told me Jesus had raped her.
"BY MR. SORRELLS:
"Q Did you ask her who did it?
 "A I asked her who was Jesus and she said there he stands right there. And, she was screaming and hollering.
 "Q All right. Did she point to the Defendant at that time?
"A Yes.
 "MR. GRUENEWALD: We object and move to exclude all that.
 "THE COURT: I understand you have already placed your objection and you have placed it in the Record and that is sufficient.
"MR. GRUENEWALD: Yes, sir."
It further appears from the record that the injured victim of the crime, at the time the statement was made, was at or near the scene of the crime, had blood all over her body, was screaming and hollering, and the appellant was present. The victim of the crime was present in court, had testified as a witness in the trial of the appellant against him, and was subject to cross-examination by appellant's counsel, and the court did nothing to limit the extent of appellant's right of cross-examination. Hearsay does not include statements of witnesses in the present trial who are subject to cross-examination by the party against whom the statements are offered. We hold that the trial court did not err when it overruled appellant's objection to, and motion to exclude the witness' statement that: "She told me Jesus had raped her."Pitts v. State, 261 Ala. 314, 74 So.2d 232; Gray v. State, Ala.Cr.App., 364 So.2d 694; McElroy's Alabama Evidence, 3rdEd., 1977, Sec. 242.01 (1), and authorities therein cited.
The third complaint contained in appellant's brief is that the trial court erred to his prejudice by commenting upon the evidence in overruling appellant's objection to a statement made to the jury by state's counsel during his closing argument. Appellant argues that this action of the trial court is shown by the record on page 142 of the trial transcript. We have examined the record on page 142, and also the entire record, and do not find that the appellant made any objection to any comments on the evidence made by the trial judge. On page 142 of the trial transcript, at the close of state's closing argument, we do find the following:
 "MR. GRUENEWALD: We object to anything about a liar.
 "MR. SORRELLS: We can show that the evidence shows that. And we can argue that.
 "THE COURT: I think the evidence does state that, Mr. Gruenewald.
 "MR. SORRELLS: Continues his closing argument to the Jury."
There was no objection by the appellant to the statement made by the court, or motion to exclude the statement from the consideration of the jury, or a request to instruct the jury to disregard the statement. There is nothing presented to this Court for review. Gilliland v. State, 291 Ala. 89,277 So.2d 901; Gould v. City Of Birmingham, Ala.Cr.App., 375 So.2d 1296;Barnett v. State, 51 Ala. App. 470, 286 So.2d 876; CertiorariDenied, 291 Ala. 773, 286 So.2d 890.
We have searched the record and are of the opinion that reversible error does not appear. The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 296