Appellant was arrested on March 17, 1983, and charged with criminal mischief in the third degree and with the unauthorized use of a vehicle. A hearing was held in the Juvenile Division of the Circuit Court for Montgomery County on March 31, 1983. The appellant pleaded not guilty on both counts.
At the close of the State's case, appellant moved that the charges be dismissed and the proceedings quashed. The court dismissed the charges as to criminal mischief in the third degree, but denied the motion as to the charge of unauthorized use of a vehicle.
After hearing all the evidence, the judge concluded that the appellant should be committed to the Training School for Girls, subject to a ruling in a subsequent hearing which was in fact held April 7, 1983. In the April 7 hearing, the Judge abided by his former ruling, with the provision that the commitment to the Training School for Girls would be suspended if the appellant was accepted in the Chins Home program. This appeal followed.
The primary issue before us is appellant's contention that the State failed to establish a prima facie case.
The record reveals that the State's case in chief was based solely on the testimony of Police Investigator Neil Alspach and Ms. Lavonne Lawrence, the owner of the automobile used without permission.
Officer Alspach testified that Mrs. Penny Sadler brought her daughter, the appellant, into police headquarters and stated to him that the appellant on the previous night "had taken a vehicle belonging to her sister-in-law without permission" and further stated that the car had been involved in an accident. The car referred to was owned by Ms. Lavonne Lawrence, who had loaned the automobile to appellant's mother for her use.
We are of the opinion that the State failed to establish the basis of Mrs. Sadler's knowledge as to the appellant's unauthorized use of the vehicle. Whether or not the basis of Mrs. Sadler's knowledge of the incident was based on an admission by the appellant is not clear. However, if Mrs. Sadler in her aforementioned statement to the police officer did rely on a statement made by the appellant as to her use of the vehicle, such an admission would not support the charges appellant was accused of. Section 12-15-66 (b), Code ofAlabama, 1975, reads:
 "(b) An extrajudicial statement which would be constitutionally inadmissible in a criminal proceeding shall not be received in evidence over objection. Evidence illegally seized or obtained shall not be received in evidence over objection to establish the allegations against him. An extrajudicial admission or confession made by the child out of court is insufficient to support a finding that the child committed the acts alleged in the petition unless it is corroborated by other evidence." (emphasis added)
Assuming, arguendo, that the appellant did in fact inform her mother that she had used the automobile in question, no other evidence was presented by the State that corroborated the out of court admission as related by the appellant's mother. *Page 867 
Moreover, while the State attempts to argue that the statement made by Mrs. Sadler to Officer Alspach did not violate the hearsay rule on the basis that the appellant was present when the statement was made, we are convinced that such an argument is not sanctionable. The State's attorney relies onHill v. State, 394 So.2d 106 (Ala.Crim.App. 1981), for the proposition that "statements of a third person, not made in the defendant's presence, are hearsay and inadmissible" and analogously asserts that the statements by Mrs. Sadler in the case at bar were obviously made in the presence of the defendant. The key to the aforementioned argument and proposition of law is that the appellant should have a chance to cross-examine the witness testifying as to statements he has heard. However, while the above proposition would seem to apply in the present case, it must be read in its proper context and accorded appropriate application. In order to allow out of court statements into evidence as heard by a third party in the accused's presence, the party that made the statement must be a witness in the proceeding against the accused. In two recent decisions of this court, the facts revealed that, at the trial of the defendants, the "parties that actually made the statements were present in court and had testified and were available for cross-examination." Reeves v. State,456 So.2d 1156 (Ala.Crim.App. 1984), and Hammock v. State, 401 So.2d 292
(Ala.Crim.App. 1981). Both of these decisions turned on the fact that the parties who made the statements, who were the victims in these two cases, were in court, served as witnesses, and had been available for cross-examination by the accused.
In the case at bar, the party who made the statement about the appellant's unauthorized use of an automobile chose not to testify, by invoking her Fifth Amendment Constitutional right against self-incrimination. Therefore, appellant did not have the opportunity to cross-examine the party that actually made the statement to the third party. If such an opportunity had been available to the appellant, then the third party's testimony concerning the statement would have been proper and nonprejudicial. However, we are of the opinion that to allow a third party to testify as to statements he heard one assert against an accused without the accused being accorded the opportunity to examine the "statement maker" violates the basis of the hearsay rule. Here, the relayed out of court statement by the third person was used to prove the truth of the matter asserted, that being the unauthorized use of the automobile by the appellant.
The only other evidence received by the Judge at the hearing was the testimony of Ms. Lavonne Lawrence. She simply testified that she was the owner of a 1976 Cutlass Oldsmobile and that it had been loaned to her sister-in-law and subsequently involved in an accident. Nothing in her testimony substantiated the allegation against the appellant.
It is apparent that the State did not prove beyond a reasonable doubt, based upon competent, material, and relevant evidence, that the appellant committed the act she was accused of. Therefore, the court's finding could not have been based on clear and convincing evidence that was both material and relevant in nature. See Code of Alabama, 1975, § 12-15-65 (d) and (e). Thus, the court erred in considering the evidence presented before it, since the essence of the evidence was the testimony of Officer Alspach, and his testimony as to statements made by the appellant's mother should have been excluded.
Appellant's second contention, that the trial court erred in denying her motion requesting an in forma pauperis appeal, is unfounded. The trial judge is accorded discretion in ascertaining whether a defendant is in need of appointed counsel. The trial judge may weigh the following considerations in determining the need for appointed counsel on appeal:
 "(1) Whether or not the defendant has arranged to be represented by counsel;
 (2) Whether or not the defendant desires the assistance of counsel; and *Page 868 
 (3) Whether or not the defendant is able financially or otherwise to obtain the assistance of counsel."
 Code of Alabama, 1975, § 15-12-20. But see § 15-12-22 (a).
The appellant's mother had secured legal counsel to represent her daughter. Therefore, the need for appointed counsel was not present. The trial judge did not err by denying the appellant'sin forma pauperis motion.
For the initial foregoing reason, the judgment of the trial court is due to be reversed and rendered.
REVERSED AND RENDERED.
All the Judges concur.