565 So.2d 265 (1989)
Ronald Clyde SNELL
v.
STATE.
4 Div. 68.
Court of Criminal Appeals of Alabama.
March 17, 1989.
Rehearing Denied April 28, 1989.
*266 Gary A. Hudgins of Merrill, Harrison & Hudgins, Dothan, for appellant.
Don Siegelman, Atty. Gen., and P. David Bjurberg, Asst. Atty. Gen., for appellee.
TYSON, Judge.
Ronald Clyde Snell was indicted for the offense of rape in the first degree in violation of § 13A-6-61, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment." A sentencing hearing was held and the defendant was sentenced to forty years' imprisonment in the penitentiary.
Since the appellant does not challenge the sufficiency of the evidence, the facts will be discussed only as they pertain to the issues raised on this appeal.

I
The appellant contends that the trial court committed reversible error by allowing impermissible hearsay testimony into evidence.
On direct examination by the State, Detective David Kirkland testified that he talked with the appellant regarding the injuries which he had on his body at the time of his arrest. The appellant told Kirkland that he was with his sister the night prior to the incident in question when he fell and received his injuries. Kirkland was then allowed to testify over a hearsay objection to what the sister (declarant) told him about the night her brother received his injuries.
The trial court allowed Kirkland to testify as to what the sister told him about the appellant's injuries, because the sister had been subpoenaed by the State and the defense to be a witness and would therefore be available for cross-examination. Although the prosecution chose not to call the sister to testify at trial, defense counsel did call the sister to the stand. After having her sworn in, the defense counsel chose not to ask any questions of this witness.
The appellant asserts that this admission into evidence of what the sister told Kirkland was impermissible hearsay and thus the case should be reversed.
This court has held that, "[h]earsay does not include statements of witnesses in the present trial subject to cross-examination by the party against whom the statements *267 are offered." Reeves v. State, 456 So.2d 1156, 1159 (Ala.Crim.App.1984) (cases cited therein). See also, Smith v. State, 513 So.2d 1036 (Ala.Crim.App.1987); Edwards v. State, 502 So.2d 846 (Ala.Crim.App. 1986).
We have repeatedly held that the rationale for the hearsay exclusion is because the opposing party does not have the opportunity to confront the declarant. However, this rationale is not applicable when the declarant is a witness and therefore subject to cross-examination. Under these circumstances the accused is given an opportunity to confront the witness against him and test his statement for its truth and veracity. See generally, C. Gamble, McElroy's Alabama Evidence, § 242.01(1) (3rd Ed.1977).
In the case at bar, the appellant was not given the opportunity to cross-examine the sister. However, the defense counsel made the tactical decision to place the sister on the stand and thus he had the opportunity to confront her. There was nothing preventing the appellant from questioning the sister once she was on the stand regarding the truth and veracity of the statement she made to Kirkland.
Thus, where the appellant had the opportunity to test the reliability of the appellant's sister's statement, but chose not to, the trial judge properly allowed Kirkland's testimony as to what the sister told him concerning the appellant's injuries.
The appellant also alleges that Kirkland should not have been allowed to testify to what Willie Farmer, the appellant's nephew, told him. The appellant, however, failed to object to his testimony at trial. Thus there is nothing preserved for our review. Stringfellow v. State, 485 So.2d 1238 (Ala.Crim.App.1986).

II
The appellant next contends that the trial court erred in refusing to give his requested written charges numbered four and six. We are unable to address this contention because this has not been properly preserved for our review.
In order to preserve this issue for appellate review, the appellant must have objected to the trial court's jury charge before the jury retires to deliberate. Rule 14, A.R.Crim.P.Temp. See also Holmes v. State, 497 So.2d 1149 (Ala.Crim.App. 1986) and Allen v. State, 414 So.2d 989 (Ala. Crim.App.1981) affirmed 414 So.2d 993 (Ala.1982).
In the case at bar, the appellant did not except or object to the court's refusal to charge the jury as requested, and, in fact, indicated to the court that there were no exceptions to the court's oral charge. Therefore, there is nothing before this court to review on this issue.

III
The appellant argues that the trial court erred in admitting photographs depicting bruises and scratches to his body. Specifically, he alleges that these photographs were inadmissible because they were taken approximately two days after the alleged rape occurred and because they showed pre-existing scars which were so predominant as to be prejudicial to the appellant.
We note that, at the trial level, the appellant did not object on these same grounds to the admission of these photographs. Rather, the appellant objected to the introduction of these photographs because they were not part of the res gestae.
This court has held that, "[a]s a general rule, specific objections made at trial waive additional grounds of error for purposes of appellate review." Breedlove v. State, 482 So.2d 1277 at 1282 (Ala.Crim.App. 1985) (citations omitted). See also, Johnson v. State, 479 So.2d 1377 (Ala.Crim.App. 1985).
In the present case, since the appellant raised a specific objection to the admission of these photographs, he waives all other grounds not so specified. Thus, there is nothing preserved before this court to review.
However, had the appellant raised these grounds at the trial level, the admission *268 of these photographs into evidence would still not result in reversible error.
This court has held that,
"As a general rule, photographs are admissible in evidence if they are properly verified either by the photographer or a person who is familiar with the subject of the photograph and if they tend to prove or disprove some disputed or material issue, to illustrate or elucidate some other relevant fact or evidence, or to corroborate or disprove some other evidence offered or to be offered. Photographs may be admitted if they tend to shed light on, strengthen, or to illustrate other testimony in the case."
Donner v. State, 409 So.2d 461, 464 (Ala. Crim.App.1981) (all cases cited therein). See also Hutto v. State, 465 So.2d 1211, 1212 (Ala.Crim.App.1984) ("Photographs, if relevant, are admissible even though they might have a tendency to inflame the minds of the jury."); Updyke v. State, 501 So.2d 566, 567 (Ala.Crim.App.1986) ("[G]ruesome, ghastly, and unsightly photographs are admissible in criminal prosecutions if they tend to illustrate the truth of other testimony.") (citations omitted).
In the case at bar, the photographs were relevant to shed light on the case. The photographs depicting the scratches and bruises on the appellant were relevant to prove that these injuries were a result, in fact, of the struggle that occurred during the rape. The existence of the pre-existing scars on the appellant does not render the photographs inadmissible. The trial judge thoroughly instructed the jury that they were not to consider the pre-existing scars as evidence in the case.
Further, the fact that the photographs were taken two days after the alleged rape does not render them inadmissible.
"Photographs are not rendered inadmissible when conditions have changed and are not exactly the same as they were at the time when the incident occurred when the differences are immaterial and sufficiently explained to the jury. Such goes to the weight of the evidence, rather than its admissibility."
Donner, 409 So.2d at 465.
In conclusion, "the decision to allow photographic evidence is within the sound discretion of the trial court and will be reviewed only to determine whether there has been an abuse of discretion." Updyke, 501 So.2d at 567 (citations omitted). We find that the trial judge properly exercised his discretion in the admission of these photographs into evidence.
This cause is due to be and is hereby affirmed.
AFFIRMED.
TAYLOR, P.J., and PATTERSON, J., concur.
BOWEN, J., dissents with opinion in which McMILLAN, J., joins.
BOWEN, Judge, dissenting.
At the time of his arrest, appellant had scratches and bruises on his upper body. These injuries were consistent with the victim's account of her struggle with the appellant during which she scratched and hit him. Appellant told Detective Kirkland that he received the injuries when, on a return trip from Florida with his sister, he stopped to relieve himself in a cemetery and tripped over a tombstone or a large rock. When Detective Kirkland questioned appellant's sister about the incident, she confirmed the fact of appellant's having left the car to urinate on the side of the road, but stated that there was no cemetery, no tombstone and no large rocks. Appellant's sister said that when appellant returned to the car she saw no blood or injury and appellant made no complaint of having been hurt.
Detective Kirkland's testimony that appellant's sister made such a statement to him qualifies as classic hearsay under both the common law and the Federal Rules of Evidence definitions: It was testimony regarding an out-of-court assertion offered to prove the truth of the matter asserted. See E. Cleary, McCormick on Evidence § 246 at 730 (3d ed. 1984); Fed.R.Evid. 801(c).
*269 If, as the majority asserts, "This court has held that ... `[h]earsay does not include statements of witnesses in the present trial subject to cross-examination by the party against whom the statements are offered," then it has done so on authority other than orthodox, common-law evidentiary principles or the Federal Rules of Evidence. There is no basis in the common law for the admission of a declarant's extrajudicial statement just because the declarant is presently available and subject to cross-examination. See Bank of the State v. McDade, 4 Port. 252, 270 (1837) ("[N]o declaration can be given in evidence, where the party who made such declaration ... can be produced and examined as witness."). See generally 5 Wigmore, Evidence § 1362 (Chadbourn rev. 1974).
Rule 801(d)(1) of the Federal Rules of Evidence excludes from the definition of "hearsay" prior statements by a witness at the present trial if:
"The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement"
and the statement is
"(A) inconsistent with his testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving him...."
Thus, although the redefinition of hearsay under the federal rules "marks [a] departure from pre-existing law [in that] [e]very one of the statements discussed in section (d) of the Rule comes within the common law hearsay definition," S. Saltzburg and K. Redden, Federal Rules of Evidence Manual 457 (2d ed. 1977), even Rule 801 does not go so far as to exclude from the definition of hearsay the statement of a declarant who is merely present and available for cross-examination. Rule 801 applies to a witness who actually testifies, United States v. Silverstein, 737 F.2d 864, 867 (10th Cir.1984), and allows the admission of prior statements of identification, prior inconsistent statements made under oath, and prior consistent statements to rebut a charge of recent fabrication.
The authorities cited in the majority opinion for the proposition that a declarant's current availability for cross-examination removes his prior out-of-court statement from the realm of hearsay are Reeves v. State, Smith v. State, and Edwards v. State. In all three cases, however, the evidence was admissible upon a theory apart from the broad observation that the declarants were presently available and subject to cross-examination.
The declaration in Reeves was admissible as part of the res gestae, a fact which the Reeves court observed, thus making discussion of the broader ground for admissibility dictum. The declaration in Smith was admissible as "[a] statement by the accused, before the time of the alleged criminal act, asserting a design [to kill]," 513 So.2d at 1044, and further discussion of the declarant's availability can also be regarded as dicta. Finally, in Edwards, the declaration was simply not hearsay; it was admissible because it was not offered to prove the truth of the matter asserted but to show the effect it had on the hearer. In addition, the declaration was part of the res gestae of the offense. 502 So.2d at 848-49. The more expansive ground for its admissibility (availability of the declarant for cross-examination) was not necessary to the holding and, thus, dictum.
An examination of the authorities cited in Reeves, Smith, and Edwards also reveals that in each instance in which availability of the declarant for cross-examination was mentioned as a basis for admissibility, there was another (and more sound) reason for not finding error in admitting the statements. In Hammock v. State, 401 So.2d 292 (Ala.Cr.App.1981) (cited in Reeves) the evidence was admissible as a recent complaint of rape by the victim, see C. Gamble McElroy's Alabama Evidence § 178.01 (3d ed. 1977). In Gray v. State, 364 So.2d 694 (Ala.Cr.App.1978) (also cited in Reeves) the evidence, even if erroneously admitted, was harmless because it was cumulative; four *270 other witnesses had testified to the same facts.
One other case not cited in any of the foregoing opinions, also mentions, in dicta, the availability-for-cross-examination principle. In Sexton v. State, 460 So.2d 865 (Ala.Cr.App.1984), this court distinguished Reeves and Hammock on the basis that the declarant in Sexton was unavailable for cross-examination because she had invoked her Fifth Amendment right not to testify. The Sexton court reversed, observing that if the opportunity for cross-examination had been available to the accused, "then the third party's testimony concerning the statement would have been proper and non-prejudicial." 460 So.2d at 867. The observation, not necessary to the holding, was also dictum.
It appears that the basis for the Reeves-Smith-Edwards line of cases decided by this court is actually the following quotation from § 242.01 of McElroy's Alabama Evidence: "The [lack of] opportunity to cross-examine the witness is one of the major reasons for the hearsay rule." Id. at 510. The quotation cites 5 Wigmore, Evidence § 1362 (Chadbourn rev. 1974) as authority. Wigmore was the primary champion of all hearsay reform efforts in this area, espousing the view that "The right to subject opposing testimony to cross-examination is the right to have the hearsay rule enforced." 5 Wigmore, Evidence § 1397 at 158 (Chadbourn rev. 1974).
In a "movement to abandon the orthodox view completely, ... the Model Code of Evidence provided: `Evidence of a hearsay declaration is admissible if the jury finds that the declarant ... is present and subject to cross-examination.'" E. Cleary, McCormick on Evidence § 251 at 745-46 (3d ed. 1984) (quoting Model Code of Evidence Rule 503(b)). A similar provision was found in Rule 63(1) of the Uniform Rules of Evidence:
"A statement previously made by a person who is present at the hearing and available for cross-examination with respect to the statement and its subject matter, provided the statement would be admissible if made by declarant while testifying as a witness [is not] hearsay." Unif.R.Evid. 63(1) (1953).
Wigmore was the chief architect of these reform efforts. Professor McCormick, in fact, notes that

"Under the Model Code-Wigmore position, all prior statements of witnesses, regardless of their nature, were exempted from the ban of the hearsay rule." E. Cleary, McCormick on Evidence § 251 at 746 (emphasis added).
It is hardly surprising, therefore, that the McElroy treatise on Alabama Evidence cites Wigmore as the basis for concluding that "[t]he [lack of] opportunity to cross-examine the witness is one of the major reasons for the hearsay rule." McElroy's Alabama Evidence § 242.01 at 510. It does not follow from § 242.01 of the McElroy's treatise, however, that when the reason for the hearsay rule does not exist the rule itself does not exist in Alabama. Merely because it explains the reason for the rule and cites Wigmore, § 242.01 is not, even by negative implication, authority for the proposition that Alabama has adopted the Wigmore position.
Alabama has traditionally followed common-law evidentiary rules. See generally C. Gamble & F. James, "Perspectives on the Evidence Law of Alabama: A Decade of Evolution, 1977-1987," 40 Ala.L.Rev. 95 (1988). Although "some commentators have advocated adoption of the Federal Rules in Alabama," id. at 100 n. 63, and judicial decision making has occasionally "engrafted [portions of the federal rules] onto the evidence law of Alabama," id. at 116, we remain a common-law evidence jurisdiction.
My research convinces me that the majority opinion in this case has appliedin effect, if not in nameMod.Code of Evid. Rule 503(b) and Unif.R.Evid. Rule 63(1). It has done so while purporting to apply established (orthodox common-law) precedent. If we are to make such a radical change in the evidence law of Alabama, we should do so by giving the proper name to our departure from the past and not by pretending that no departure has occurred.
I make no assumption here that the pertinent provisions of the Model Code of Evidence or the Uniform Rules of Evidence *271 are inferior to the orthodox rules. They may well state a desirable course for the future of Alabama evidence law. On the other hand, they may represent too far a departure from the past, as the drafters of Federal Rule 801 concluded. The original draft of Rule 801 reached the same result as Model Code Rule 503(b) and Uniform Rule 63(1), but in the wake of scholarly and congressional objections, Rule 801 was amended to its present form. 4 Weinstein's Evidence, United States Rules at Paragraph 801-100 (1987); E. Cleary, McCormick on Evidence § 251 at 746. I have not examined the relative merits of each formulation in enough detail to decide which is the better rule. I have concluded, however, that if Alabama is to follow the Federal Rule, the Model Code Rule, or the Uniform Rule in a particular case, then our decision should reflect straightforward reliance on that rule. We should not disguise or distort the orthodox rule if it no longer furthers the truth seeking function. We should frankly abandon it and adopt a new rule in its place.
This court has, according to one distinguished commentator, "almost totally engrafted Federal Rule 801(d)(1)(A) onto the evidence law of Alabama," in another context (prior inconsistent statements of a witness). See C. Gamble & F. James, "Perspectives on the Evidence Law of Alabama: A Decade of Evolution, 1977-1987" 40 Ala.L.Rev. at 116. Rule 801 would not allow the admission of the testimony in the present case, however, because appellant's sister was not a witness who testified at this trial. "The rule applies only to prior statements of a witness who testifies at a trial or hearing subject to cross-examination." United States v. Silverstein, 737 F.2d 864, 867 (10th Cir.1984) (emphasis added).
In Silverstein, the accused, a prison inmate, was charged along with fellow inmates X and Y, with killing another prisoner. He requested and was granted a severance of the indictments so that codefendant Y could testify at his trial. The accused, however, did not call Y to testify. The government introduced, via the testimony of X, an out-of-court assertion made by Y which implicated the accused.
Finding that the assertion was hearsay, not within the Rule 801(d)(1) exclusion, the circuit court held:
"[T]he declarant [Y] did not testify at a trial or other hearing. The government contends that the exception should apply nonetheless as a matter of fundamental fairness, because defendant obtained a severance so that codefendant [F] could testify at defendant's trial. We do not agree. A defendant has no duty to call any witness. We conclude that the trial court erred in admitting [X's] hearsay testimony." 737 F.2d at 867 (emphasis added).
Following the same reasoning, the appellant here had no duty to call his sister as a witness, or having called her, to question her. The "fundamental fairness" argument should likewise be rejected here. Detective Kirkland's testimony was hearsay pure and simple. The mere fact that the appellant's sister had been subpoenaed, was present, and actually took the stand does not remove her out-of-court assertion from the definition of hearsay under orthodox principles or under Federal Rule 801. Only reliance on Model Code of Evidence Rule 503(b) or Uniform Rule of Evidence 63(1) would remove Detective Kirkland's testimony from the realm of hearsay. Because I believe the majority holding is a departure from precedent without explanation of why Model Rule 503(b) or Uniform Rule 63(1) is preferable, I dissent.