We granted Snell's petition for writ of certiorari in order to clarify an Alabama rule regarding hearsay; specifically, whether Alabama follows the common law; Federal Rule of Evidence 801; the Model Code of Evidence Rule 503(b); or Uniform Rule of Evidence 63(1). The facts pertinent to the issue before us are succinctly set out in the opinion of the Court of Criminal Appeals as follows:
 "The appellant contends that the trial court committed reversible error by allowing impermissible hearsay testimony into evidence.
 "On direct examination by the State, Detective David Kirkland testified that he talked with the appellant regarding the injuries which he had on his body at the time of his arrest. The appellant told Kirkland that he was with his sister the night prior to the incident in question when he fell and received his injuries. Kirkland was then allowed to testify over a hearsay objection to what the sister (declarant) told him about the night her brother received his injuries.
 "The trial court allowed Kirkland to testify as to what the sister told him about the appellant's injuries, because the sister had been subpoenaed by the State and the defense to be a witness and would therefore be available for cross-examination. Although the prosecution chose not to call the sister to testify at trial, defense counsel did call the sister to the stand. After having her sworn in, the defense counsel chose not to ask any questions of this witness.
 "The appellant asserts that this admission into evidence of what the sister told Kirkland was impermissible hearsay and thus the case should be reversed."
In affirming the conviction, Judge Tyson cited Reeves v.State, 456 So.2d 1156 (Ala.Crim.App. 1984); Smith v. State,513 So.2d 1036 (Ala.Crim.App. 1987); and Edwards v. State,502 So.2d 846 (Ala.Crim.App. 1986), for the proposition that the admission of testimony such as that offered in this case was not error because the declarant was present and, therefore, available for cross-examination. 565 So.2d 265 (Ala.Cr.App. 1989).
In a well-thought-out dissent, Judge Bowen states that the majority of the Court of Criminal Appeals appears to depart from the common law rule and he argues that it should not do so without acknowledging that fact. His comments, in pertinent part, are set forth below:
 "Detective Kirkland's testimony that appellant's sister made such a statement to him qualifies as classic hearsay under both the common law and the Federal Rules of Evidence definitions: It was testimony regarding an out-of-court assertion offered to prove the truth of the matter asserted. See E. Cleary, McCormick on Evidence § 246 at 730 (3d ed. 1984); Fed.R.Evid. 801(c).
 "If, as the majority asserts, 'This court has held that . . . "[h]earsay does not include statements of witnesses in the present trial subject to cross-examination *Page 273 
by the party against whom the statements are offered,"' then it has done so on authority other than orthodox, common-law evidentiary principles or the Federal Rules of Evidence. There is no basis in the common law for the admission of a declarant's extrajudicial statement just because the declarant is presently available and subject to cross-examination. See Bank of the State v. McDade, 4 Port. 252, 270 (1837) ('[N]o declaration can be given in evidence, where the party who made such declaration . . . can be produced and examined as witness.'). . . . See generally 5 Wigmore, Evidence § 1362 (Chadbourn rev. 1974).
 "Rule 801(d)(1) of the Federal Rules of Evidence excludes from the definition of 'hearsay' prior statements by a witness at the present trial if:
 "'The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement'
"and the statement is
 "'(A) inconsistent with his testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving him. . . .'
 "Thus, although the redefinition of hearsay under the federal rules 'marks [a] departure from pre-existing law [in that] [e]very one of the statements discussed in section (d) of the Rule comes within the common law hearsay definition,' S. Saltzburg and K. Redden, Federal Rules of Evidence Manual 457 (2d ed. 1977), even Rule 801 does not go so far as to exclude from the definition of hearsay the statement of a declarant who is merely present and available for cross-examination. Rule 801 applies to a witness who actually testifies, United States v. Silverstein, 737 F.2d 864, 867 (10th Cir. 1984), and allows the admission of prior statements of identification, prior inconsistent statements made under oath, and prior consistent statements to rebut a charge of recent fabrication.
 "The authorities cited in the majority opinion for the proposition that a declarant's current availability for cross-examination removes his prior out-of-court statement from the realm of hearsay are Reeves v. State, Smith v. State, and Edwards v. State. In all three cases, however, the evidence was admissible upon a theory apart from the broad observation that the declarants were presently available and subject to cross-examination.
 "The declaration in Reeves was admissible as part of the res gestae, a fact which the Reeves court observed, thus making discussion of the broader ground for admissibility dictum. The declaration in Smith was admissible as '[a] statement by the accused, before the time of the alleged criminal act, asserting a design [to kill],' 513 So.2d at 1044, and further discussion of the declarant's availability can also be regarded as dicta. Finally, in Edwards, the declaration was simply not hearsay; it was admissible because it was not offered to prove the truth of the matter asserted but to show the effect it had on the hearer. In addition, the declaration was part of the res gestae of the offense. 502 So.2d at 848-49. The more expansive ground for its admissibility (availability of the declarant for cross-examination) was not necessary to the holding and, thus, dictum.
 "An examination of the authorities cited in Reeves, Smith, and Edwards also reveals that in each instance in which availability of the declarant for cross-examination was mentioned as a basis for admissibility, there was another (and more sound) reason for not finding error in admitting the statements. In Hammock v. State, 401 So.2d 292 (Ala.Cr.App. 1981) (cited in Reeves) the evidence was admissible as a recent complaint of rape by the victim, see C. Gamble McElroy's Alabama Evidence § 178.01 (3d ed. 1977). In Gray v. State, 364 So.2d 694 (Ala.Cr.App. 1978) (also cited in Reeves) the evidence, even if erroneously admitted, was harmless because it was cumulative; *Page 274 
four other witnesses had testified to the same facts.
 "One other case not cited in any of the foregoing opinions, also mentions, in dicta, the availability-for-cross-examination principle. In Sexton v. State, 460 So.2d 865 (Ala.Cr.App. 1984), this Court distinguished Reeves and Hammock on the basis that the declarant in Sexton was unavailable for cross-examination because she had invoked her Fifth Amendment right not to testify. The Sexton court reversed, observing that if the opportunity for cross-examination had been available to the accused, 'then the third party's testimony concerning the statement would have been proper and non-prejudicial.' 460 So.2d at 867. The observation, not necessary to the holding, was also dictum.
 "It appears that the basis for the Reeves-Smith-Edwards line of cases decided by this court is actually the following quotation from § 242.01 of McElroy's Alabama Evidence: 'The [lack of] opportunity to cross-examine the witness is one of the major reasons for the hearsay rule.' Id. at 510. The quotation cites 5 Wigmore, Evidence.
§ 1362 (Chadbourn rev. 1974) as authority. Wigmore was the primary champion of all hearsay reform efforts in this area, espousing the view that 'The right to subject opposing testimony to cross-examination is the right to have the hearsay rule enforced.' 5 Wigmore, Evidence § 1397 at 158 (Chadbourn rev. 1974).
 "In a 'movement to abandon the orthodox view completely, . . . the Model Code of Evidence provided: "Evidence of a hearsay declaration is admissible if the jury finds that the declarant . . . is present and subject to cross-examination."' E. Cleary, McCormick on Evidence § 251 at 745-46 (3d ed. 1984) (quoting Model Code of Evidence Rule 503(b)). A similar provision was found in Rule 63(1) of the Uniform Rules of Evidence:
 "'A statement previously made by a person who is present at the hearing and available for cross-examination with respect to the statement and its subject matter, provided the statement would be admissible if made by declarant while testifying as a witness [is not] hearsay.' Unif.R.Evid. 63(1) (1953).
 "Wigmore was the chief architect of these reform efforts. Professor McCormick, in fact, notes that
 '"Under the Model Code-Wigmore position, all prior statements of witnesses, regardless of their nature, were exempted from the ban of the hearsay rule." E. Cleary, McCormick on Evidence § 251 at 746 (emphasis added).'
 "It is hardly surprising, therefore, that the McElroy treatise on Alabama Evidence cites Wigmore as the basis for concluding that '[t]he [lack of] opportunity to cross-examine the witness is one of the major reasons for the hearsay rule.' McElroy's Alabama Evidence § 242.01 at 510. It does not follow from § 242.01 of the McElroy's treatise, however, that when the reason for the hearsay rule does not exist the rule itself does not exist in Alabama. Merely because it explains the reason for the rule and cites Wigmore, § 242.01 is not, even by negative implication, authority for the proposition that Alabama has adopted the Wigmore position.
 "Alabama has traditionally followed common-law evidentiary rules. See generally C. Gamble F. James, 'Perspectives on the Evidence Law of Alabama: A Decade of Evolution, 1977-1987,' 40 Ala.L.Rev. 95 (1988). Although 'some commentators have advocated adoption of the Federal Rules in Alabama,' id. at 100 n. 63, and judicial decision making has occasionally 'engrafted [portions of the federal rules] onto the evidence law of Alabama,' id. at 116, we remain a common-law evidence jurisdiction.
 "My research convinces me that the majority opinion in this case has applied — in effect, if not in name — Mod. Code of Evid. Rule 503(b) and Unif.R.Evid. Rule 63(1). It has done so while purporting to apply established (orthodox common-law) precedent. If we are to make such a radical change in the evidence *Page 275 
law of Alabama, we should do so by giving the proper name to our departure from the past and not by pretending that no departure has occurred."
We are not inclined to make the radical change of departing from the common-law precedent, which is firmly established in Alabama. We agree with Judge Bowen's dissent and incorporate into our opinion that portion of it here quoted. Therefore, we reverse the judgment of the Court of Criminal Appeals on the ground that the impermissible hearsay admitted at the trial constituted reversible error, and we remand this case to that court.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES and HOUSTON, JJ., concur.