TYSON, Judge.
The appellant was indicted for murder in violation of § 13A-6-2, Code of Alabama 1975. He was found “guilty as charged in the indictment” and was sentenced to life in prison. This was the second time the appellant was tried for this offense. This court reversed his prior conviction in Bowden v. State, 542 So.2d 335 (Ala.Crim.App. 1989). The appellant raises four issues on appeal. We need only discuss two of these issues.
I
The appellant contends that the trial court erred to reversal in admitting hearsay testimony concerning the results of certain tests conducted by the Mobile Police Department. We agree.
The record reveals that the Mobile Police Department conducted a firearms test to prove or disprove the statements of witnesses who told the police that they heard a gunshot blast on the morning of the shooting. The shooting occurred on a Saturday. Sergeant James E. Mayo of the Mobile Police Department testified that at approximately 7:11 a.m. on the Saturday morning following the shooting, firearms specialist Dale Carter discharged a shotgun similar to the one that killed the victim. The shotgun was discharged in the same part of the Crichton Auto Parts building where the victim was killed. Two officers were stationed outside of Crichton Auto Parts and one officer was stationed at the residence of witnesses who claimed to have heard a gunshot. The test was conducted at 7:11 a.m. because another witness stated that he had seen the appellant leaving Crichton Auto Parts at 7:11 a.m. on the day of the shooting. Sergeant Mayo was then allowed to testify, over objection, that he was told by the officer who was stationed outside of Crichton Auto Parts, approximately 75 feet from the point at which the shotgun was discharged, that he could not hear any of the four shots that were dis *939 charged during the test. He was also allowed to testify that the officer stationed at the witnesses’ residence also could not hear the blasts. The hearsay declarants did not testify at trial.
The hearsay statement of the officer who was stationed outside of Crichton Auto Parts contradicted the testimony of defense witness Ralph Brown who lived approximately “175 steps” from Crichton Auto Parts. (R. 539.) Brown testified that he heard a shotgun blast sometime between 6:30 a.m. and 6:45 a.m. on the morning of the shooting. A review of the record reveals that this testimony supported the appellant’s theory of the case and contradicted the State’s theory of the case.
The nature of hearsay testimony was discussed by this court in its earlier reversal of the appellant’s conviction. See Bow-den. The challenged testimony was clearly hearsay as it consisted of out-of-court statements offered to prove the truth of the matter asserted. Bowden. The State erroneously argues that the challenged testimony comes within an exception to the hearsay rule because the hearsay declar-ants were subpoenaed by the State and the appellant and were available to testify. This argument has been recently addressed and rejected by the Alabama Supreme Court in Ex parte Snell, 565 So.2d 271 (Ala.1990) (adopting Judge Bowen’s dissenting opinion in Snell v. State, 565 So.2d 265 (Ala. Crim.App.1989)). The court, quoting Judge Bowen’s dissent, stated, “There is no basis in the common law for the admission of a declarant’s extrajudicial statements just because the declarant is presently available and subject to cross-examination.” Ex parte Snell at 273. Furthermore, the court noted that even the Federal Rules of Evidence do not provide a hearsay exception simply because the hearsay declarant is present and available for cross-examination.
The challenged hearsay testimony did not fit into any of the established hearsay exceptions and was improperly admitted. Furthermore, we cannot say that its admission did not prejudice the substantial rights of the appellant.
II
We deem it appropriate to comment on another issue raised by the appellant because it was addressed in our prior Bow-den decision. The appellant contends that the trial court erred in allowing forensic pathologist Dr. LeRoy Riddick to testify about the position of the victim at the time of the shooting. As in the previous case, the admission of this testimony constituted harmless error because there was no real issue involved in the case other than the identity of the victim’s killer. The appellant states in brief that he does not dispute that the victim was standing behind the counter at Crichton Auto Parts and was shot from behind. We again note, however, that in the event the appellant is retried, the introduction of similar testimony should be reevaluated in light of the evidence presented at retrial.
In light of our resolution of the first issue, we pretermit consideration of the other issues raised in the appellant’s brief. For the reasons set forth above, this case is due to be, and hereby is, reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.