BOWEN, Judge.
In 1988, the appellant, Autrey Lee Bow-den, was convicted for the 1987 murder of Vincent Terrell Neely. That conviction was reversed on appeal due to the admission of improper hearsay testimony concerning the meaning of certain numbers on a restaurant cash register receipt and the improper admission of expert testimony regarding the relative positions of the victim and his assailant at the time of the shooting. Bowden v. State, 542 So.2d 335 (Ala.Cr.App.1989). The appellant was retried in 1990 and that conviction was reversed on appeal due to the admission of hearsay testimony concerning the results of a firearms test. Bowden v. State, 584 So.2d 938 (Ala.Cr.App.1991). In 1992, the appellant was retried, again convicted, and once more sentenced to life imprisonment. On this appeal from that conviction, the appellant contends that the trial court erred in refusing to allow a defense witness to testify as an expert.
The State’s evidence showed that Mr. Neely had been shot with a shotgun. *1257 Parts of a Browning shotgun were discovered at the appellant’s residence scattered in the garage and in and under a storage shed. Prosecution witness Richard Dale Carter, a forensic scientist specializing in firearm and tool mark examination, testified that it was his opinion that a shotgun shell found at the appellant’s residence and the shell discovered at the scene of the homicide had been fired from the same shotgun. Carter testified that the parts found at the appellant’s residence were from a Browning semi-automatic shotgun, but that he could not “say that any of these parts came from the same shotgun.” R. 335. Furthermore, he could not determine whether those parts could have been used to fire the shell found at the scene of the homicide because the “receiver group, which holds the bolt, the firing pin, ... [and] several other parts that mark the shot shell” had not been delivered to him. R. 317-18. He testified that there was no way to determine whether the shell found at the scene had been fired from a Browning shotgun. R. 335. The actual shotgun used to fire the shell found at the scene of the murder was never identified.
The appellant tendered Douglas Harbin as an expert witness. Harbin had worked as a gunsmith and fishing reel repairman at Mike Ward’s Sporting Goods Store for two years and two months. He had also been doing “blueing” at Quint’s Sporting Goods Store for about one and one-half years. R. 254. He began his training as a gunsmith in 1983 under Exo Moore who “went to school in Kansas City.” R. 250. Moore had repaired guns in Mobile for 35 years. Harbin worked under Moore’s direct supervision for two years and worked for him for an additional two years. Harbin testified that he had worked on about 100 or 150 Browning shotguns. He stated that he “sometimes” used the marks on the shell as a means of determining what might be wrong with a shotgun. R. 262. When asked how many times he had examined shells to look for extractor and ejector marks, the appellant replied “[sjeveral times on the older guns.” R. 262. Harbin testified that the examination of ejector and extractor marks was something “not very many people can do.” R. 262.
The defense proffered Harbin’s expert testimony that: 1) the shotgun shell found at the scene of the homicide had not been fired from a Browning shotgun because the ejector marks on that shell were not the ejector marks made by a Browning shotgun, 2) the ejector spring discovered at the appellant’s residence was not consistent with having been used in the forearm piece discovered at the appellant’s residence, 3) the butt stock found at the appellant’s residence was for a Browning 3” magnum and the forearm piece and barrel also found at the appellant’s residence were for a lightweight or a 2¾” magnum Browning shotgun.
The trial court properly refused to allow Harbin to testify as an expert on shotgun shell identification.
“To qualify as an expert, the witness must have such knowledge, skill, experience or training as that his opinion will be considered in reason as giving the trier of fact light upon the question to be determined. The question of whether or not a particular witness will be allowed to testify as an expert is largely discretionary with the trial court, whose decision will not be disturbed on appeal except for palpable abuse.”
C. Gamble, McElroy’s Alabama Evidence § 127.01(5)(b) (4th ed. 1991).
“Identification based upon a comparison of breechface imprints, firing pin impressions, and extractor and ejector marks, [has] achieved recognition by the courts_” A. Moenssens and F. Inbau, Scientific Evidence in Criminal Cases 195 (2d ed. 1978). In Alabama, a properly qualified expert should be permitted to testify whether or not a particular shell was fired from a specific firearm based upon his comparison of the distinctive marks on the shell with the physical features of the firearm. See Douglas v. State, 42 Ala. App. 314, 329, 163 So.2d 477, 492 (1963), cert. denied, 276 Ala. 703, 163 So.2d 496 (1964), reversed on other grounds, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). See also 2 Wigmore, Evidence § 417(a) at *1258 495 (Chadbourn rev. 1979); 29 Am.Jur. P.O.F. Firearms Identification § 13 (1972).
Here, the appellant failed to demonstrate that Harbin had any proficiency, training, or experience in shotgun shell identification and in determining whether a particular shell had been fired from a particular weapon. Harbin never testified that he had ever compared a shell of unknown origin with any particular weapon. All of his comparisons had been on shells fired from known firearms, and his experience in that particular area had been rather limited. Although the defense proved that Harbin was an expert in firearm repair, it did not establish that he qualified as an expert in shotgun shell identification. Furthermore, although Harbin testified that he had examined approximately 150 Browning shotguns, the defense laid no foundation for his proffered testimony that the shotgun shell found at the scene could not have been fired from any Browning shotgun.
We recognize that “a witness need not be an expert, in the technical sense, to give testimony as to things which he knows by study, practice, experience, or observation on that particular subject.” Paragon Engineering, Inc. v. Rhodes, 451 So.2d 274, 276 (Ala.1984). “Experience and practical knowledge may qualify one to make technical judgments as readily as formal education.” International Telecommunications Systems v. State of Alabama, 359 So.2d 364, 368 (Ala.1978). However, “[i]t is error for a court to allow an expert witness to testify outside his area of expertise.” Cook v. Cook, 396 So.2d 1037, 1041 (Ala.1981).
The admissibility of all types of expert testimony is “subject to the discretion of the trial court.” Ex parte Williams, 594 So.2d 1225, 1227 (Ala.1992). “[T]he trial court’s rulings on the admissibility of such evidence will not be disturbed on appeal absent a clear abuse of that discretion.” Id.
The appellant received a fair trial. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.