665 So.2d 1019 (1995)
W.T.J.
v.
STATE.
CR-93-1354.
Court of Criminal Appeals of Alabama.
April 14, 1995.
Certiorari Denied June 30, 1995.
*1020 Dan C. King III, Birmingham, for appellant.
Jeff Sessions, Atty. Gen., and Stephen Dodd, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1941056.

ON APPLICATION FOR REHEARING
LONG, Judge.
The State's application for rehearing is granted. This court's opinion of January 13, 1995, is hereby withdrawn and the following opinion substituted therefor.
This is an appeal from the order of the Juvenile Court of Jefferson County ordering the transfer of the appellant, W.T.J., to circuit court for criminal prosecution as an adult on three charges of robbery. The appellant contends that his statements to the police were involuntary because, he says, they were the result of promises of reward *1021 and of the "threat of additional cases" so that the alleged threat "coerced and induced the confessions." The appellant also contends that because the statements were involuntary and, therefore, inadmissible, the State failed to present a prima facie case and there was no probable cause for the order of transfer in cases JU-94-50362 (robbery of a McDonald's restaurant) and JU 94-50367 (robbery of Algie Harris at Gas World service station). Appellant's brief at 16. The appellant does not dispute the sufficiency of the evidence to support the appellant's transfer in case JU-94-50471 (robbery of a Little Caesar's Pizza restaurant). In that case, the victim positively identified the appellant.
The appellant gave custodial statements to the police: Court's Exhibit 1 is the statement the appellant gave on January 19, 1994. Court's Exhibit 2 is the statement the appellant gave on January 27, 1994 (dated March 15, 1994, the day the tape was transcribed). Court's Exhibit 3 is the statement the appellant gave on January 27, 1994 (second part of statement in Court's Exhibit 2). Court's Exhibit 4 is the statement the appellant gave on February 2, 1994 (dated and transcribed March 2, 1994). See R. 302. The appellant did not object to the admission of Court's Exhibits 1 and 2. See R. 210. We have found no objection in the record to Court's Exhibit 3. The appellant did object to a portion of Court's Exhibit 4, but did not object "to the beginning." R. 73.
The trial court ruled that a portion of Court's Exhibit 4 was inadmissible: "[F]rom page 14 to the end is found to be inadmissible." R. 299. The trial court properly excluded that portion of Court's Exhibit 4 because the interrogating officer, Detective Richard A. Miller of the Birmingham Police Department, informed the appellant that he would inform the district attorney that the appellant was cooperating and telling the truth and that as a result no more cases would be brought against him. "Confessions that are the result of express or implied promises are not voluntary and must be excluded." Wyatt v. State, 620 So.2d 77, 78 (Ala.Cr.App.1992).
However, the trial court's ruling did not go far enough. Detective Miller testified that he informed the appellant that he could or would inform the district attorney of the appellant's cooperation or failure to cooperate. The detective implied that if the appellant "cooperated," additional charges would not be brought against the appellant. From the record before this court, it is not clear when the detective made these statements to the appellant; however, it does appear that he made them repeatedly. At best, this Court can state only that the record in this case is confusing and that the prosecutor did not clearly establish the voluntariness of Court's Exhibit 4. Even the trial judge acknowledged her confusion, saying that the case was "just such a mess." R. 148, 232. Repeatedly, the trial judge admonished the detective for his conduct during his interrogations of the appellant. See R. 178-79, 180, 229-30, 231-32, 237, 244, 253, 255-56, 257-59, 280. The court labeled the detective's conduct "totally unacceptable," R. 179, and stated, "I rarely get this kind of thing but this is bad, real bad." R. 182.
In this case, the statements made by Detective Miller were clearly sufficient to render the confession involuntary. See Carden v. State, 612 So.2d 506, 508-09 (Ala.1992); Wyatt v. State, 620 So.2d 77, 79 (Ala.Cr.App. 1992) ("The appellant's confession was coerced by the officer's promise to bring the appellant's cooperation to the attention of the prosecutor and was, therefore, not voluntary."); Luttrell v. State, 551 So.2d 1126, 1130 (Ala.Cr.App.1989) ("As to Investigator Batson's further promise to the appellant that he would inform the district attorney of the appellant's cooperation, the Alabama Supreme Court has recently held that such a promise may render a confession involuntary. Ex parte Weeks, 531 So.2d 643 (Ala.1988).").
We find that the prosecution did not carry its burden of proving the voluntariness of Court's Exhibit 4.
"`The State has the burden of proving that the defendant's confession was voluntary. Whether a confession is voluntary is determined by an examination of the totality of the circumstances surrounding the giving of the confession.' Carden v. State, 612 So.2d 506, 508 (Ala.1992). `It is well *1022 settled in this Court that "[e]xtrajudicial confessions are prima facie involuntary and inadmissible, and [that] the burden is on the State to prove that the confession was made voluntarily." Ex parte Callahan, 471 So.2d 463, 464 (Ala.1985).' Ex parte Matthews, 601 So.2d 52, 53 (Ala.), cert. denied, [505] U.S. [1206], 112 S.Ct. 2996, 120 L.Ed.2d 872 (1992)."
Thomas v. State, 625 So.2d 1174, 1176 (Ala. Cr.App.1993).
In its brief in support of its application for rehearing, the State argues that the trial court's error in admitting part of Exhibit 4 was harmless under Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246,113 L.Ed.2d 302 (1991). The State contends that even without Exhibit 4, probable cause to transfer the appellant in case JU-94-50362 (robbery of a McDonald's restaurant) was provided by Detective Miller's testimony that the appellant's codefendant, J.W., told Detective Miller that he, the appellant, and a third person robbed the McDonald's. (R. 61.) The State further contends that even without Exhibit 4, probable cause to transfer the appellant in case JU-94-50367 (robbery of Algie Harris at Gas World service station) was provided by the testimony of Detective David Robinson of the Birmingham Police Department that, during his interrogation of another of the appellant's codefendants, C.A., C.A. told the detective that he, the appellant, and J.W. robbed Gas World. R. 395-396. We agree that probable cause existed without Exhibit 4 as to the McDonald's robbery, but not as to the Gas World robbery.
The record reveals that the appellant made two objections to Detective Miller's testimony as to J.W.'s statement at trial. R. 51-52. One of these was later withdrawn. R. 60. The other was a general objection, to which the trial judge responded, "Well, I'd overrule. I think it's admissible. But it's a statement of a codefendant and I understand that." R. 51-52. This response is further explained by a later response by the trial judge. The appellant objected to Detective Robinson's testimony concerning C.A.'s statement on the following ground: "[The statement] would not be admissible because of him being a co-defendant." The trial judge responded, "Well, I don't know if it's not admissible. It's just that he can't be convicted on a statement of a co-defendant." R. 394. It is clear that the trial judge understood both objections to be based upon the following statute: "A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense ..." § 12-21-222, Code of Alabama 1975.
"The Alabama Supreme Court has made it clear that evidence which could not be constitutionally admitted at a criminal trial should be excluded from a transfer hearing." O.M. v. State, 595 So.2d 514, 517 (Ala.Cr.App.1991), cert. quashed, 595 So.2d 528 (Ala.1992) (citing Ex parte Whisenant, 466 So.2d 1006, 1008 (Ala.1985)) (emphasis added). It is equally clear that § 12-21-222 is "a statutory rule, and not a constitutional right," Woodberry v. State, 497 So.2d 587, 589 (Ala.Cr.App.1986); Reed v. State, 407 So.2d 153, 157 (Ala.Cr.App.1980), rev'd on other grounds, 407 So.2d 162 (Ala.1981), and that it does not apply to transfer proceedings. Vincent v. State, 349 So.2d 1145, 1146 (Ala.1977). Thus, the trial judge's decision to allow J.W.'s statement into evidence was proper, and that statement alone was clearly sufficient to establish probable cause with respect to the McDonald's robbery.
With regard to C.A.'s statement, after the appellant objected on the ground of § 12-21-222, the trial judge held that she was allowing the testimony as to C.A's statement into evidence "solely for the purposes of [C.A.'s] trial, not [the appellant's]." R. 395. While this reason for allowing the statement was in error, the ruling was proper for another reason, and "`[i]f a trial court's ruling is correct for any reason it will not be reversed on appeal.'" McGahee v. State, 554 So.2d 454, 464 (Ala.Cr.App.1989), aff'd, 554 So.2d 473 (Ala.1989) (citation omitted). See also C. Gamble, McElroy's Alabama Evidence, § 426.01(13) (4th ed. 1991) ("The trial court's sustention of either a specific or general objection will be affirmed on appeal if the evidence excluded was subject to any legal objection.").
*1023 The record reveals that the appellant's objection was also based upon the ground of hearsay. When he objected, the trial judge asked him for his grounds, and he initially stated, before giving § 12-21-222 as a ground, "As far as taking his statement as to the truth of the matter, as to the truth of anything against [the appellant]." R. 394. "Hearsay consists of every human statement, not made in the process of testifying as a witness in the present trial or contained in a deposition taken for use in the present trial, offered as tending to prove the truth of the matter stated." C. Gamble, McElroy's Alabama Evidence, § 242.01(1) (4th ed. 1991) (emphasis added). See also Ephraim v. State, 627 So.2d 1102, 1105 (Ala.Cr.App. 1993). Then, following the trial judge's incorrect statement in response to the § 12-21-222 ground, and right before her ruling, the following exchange occurred between defense counsel and the trial judge:
MR. KING: Then it wouldn't be admissible as to whether or not he did anything towards this crime or not unless [C.A.] takes the stand.
THE COURT: And can be [cross-examined.]
MR. KING: And can be [cross-examined.]
THE COURT: You are correct.
(R. 394)
"`"[T]he [lack of] opportunity to cross-examine the witness is one of the major reasons for the hearsay rule."'" Ex parte Snell, 565 So.2d 271, 274 (Ala.1990), quoting Snell v. State, 565 So.2d 265 (Ala.Cr.App.1989) (Bowen, J., dissenting), in turn quoting C. Gamble, McElroy's Alabama Evidence, § 242.01 at 510 (3d ed. 1984).
This Court has recently held that the statement of an accomplice to an investigator implicating the appellant in a robbery is "clearly hearsay and [is] not admissible against the appellant under any of the exceptions to the hearsay rule recognized in this state." R.L.B. v. State, 647 So.2d 803, 805 (Ala.Cr.App.1994) (citing Ephraim v. State, 627 So.2d 1102, 1105 (Ala.Cr.App.1993) and C. Gamble, McElroy's Alabama Evidence, § 195.03(1) (4th ed. 1991)). We also note that, while C.A. testified in his own behalf following Detective Robinson's testimony, R. 423, and was cross-examined by the appellant, R. 430, "[h]earsay even includes a statement, outside the present trial, by a declarant who is now subject to cross-examination." C. Gamble, McElroy's Alabama Evidence, § 242.01(1) (4th ed. 1991); Kolmetz v. State, 600 So.2d 389, 392 (Ala.Cr.App.1991), cert. denied, 600 So.2d 396 (Ala.1992) (witness's testimony as to declarant's out-of-court statement was clearly hearsay evidence despite the fact that the declarant subsequently testified at trial); Ex parte Snell, 565 So.2d 271 (Ala.1990) (overruling previous authority that held that an out-of-court statement was not hearsay where the declarant was available and subject to cross-examination). Thus, the exclusion of C.A.'s statement was proper, and without it, there is no evidence to support the finding of probable cause in the Gas World robbery.
Therefore, the order transferring the appellant in case JU-94-50367 (robbery of Algie Harris at Gas World service station) must be reversed and the case remanded for further consideration consistent with this opinion.
The order transferring the appellant in case JU-94-50362 (robbery of a McDonald's restaurant) and case JU-94-50471 (robbery of a Little Caesar's Pizza restaurant) is affirmed.
APPLICATION FOR REHEARING GRANTED; RULE 39(k) MOTION DENIED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED IN PART; REVERSED IN PART.
All Judges concur.