*1196
On Return To Remand

McMILLAN, Judge.
This cause was remanded to the trial court with instructions to address the merits of Joseph Wayne James’s Rule 32, Ala.R.Crim. P., petition and to conduct an evidentiary healing if necessary. 685 So.2d 1195 (Ala.Crim.App.1995).
The trial court, in compliance with this court’s order, conducted an evidentiary hearing, after which it issued an order that included the following specific findings of fact:
“Petitioner has failed to allege sufficient facts to support his claim that robbery in the third degree was not a lesser included offense of robbery in the second degree under the facts of his case.
“The petitioner was informed in the signed Ireland form and in the court’s colloquy that the proper range of punishment for robbery third degree with three or more prior felony convictions was fifteen (15) years to life. The court further finds that petitioner has otherwise failed to allege sufficient facts to support his claim that his guilty plea was involuntary.
“Petitioner’s claims that he didn’t receive proper notice of the state’s intent to proceed under the habitual offender act and that the prior convictions were improper are precluded in that they should have been but were not raised at trial or on appeal.
“Petitioner’s claims are precluded as successive in that the grounds alleged were known or should have been known at the time the previous petition was filed. “Petitioner has failed to show how he has been unduly prejudiced by the alleged violations.”
We agree with the trial court, and we adopt the trial court’s order as our own. Ex parte Snell, 565 So.2d 271 (Ala.1990).
The judgment of the trial court is affirmed.
AFFIRMED.
All judges concur.