McMILLAN, Presiding Judge.
The appellant, Jermaine Dejuan Sout-hall, filed a Rule 32, Ala.R.Crim.P., petition in which he challenged his two convictions of assault in the first degree and sentences of 20 years’ imprisonment for each conviction. The appellant’s conviction was affirmed by this Court in an unpublished memorandum, Southall v. State, 741 So.2d 487 (Ala.Crim.App.1998) (table). In his petition, the appellant raised various claims of ineffective assistance of both trial and appellate counsel. Following an evidentiary hearing, the trial court' found that the appellant had failed to meet his burden of proof under the Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), test and denied the petition.
On appeal, the appellant argues five of the claims identified in his petition. He is, therefore, deemed to have abandoned the remaining claims, and this Court need not address them on appeal. Burks v. State, 600 So.2d 374 (Ala.Crim.App.1991).
In his brief to this Court, the appellant contends that trial counsel failed to advise him of a plea-agreement offer made by the State on the day of trial and that counsel’s failure to so inform him constituted ineffective assistance. He further argues that he was denied effective assistance of appellate counsel because, he says, appellate counsel failed to argue in a motion for new trial that trial counsel had been ineffective in four instances: (1) trial counsel failed to request a jury instruction on the lesser-included offense of assault in the second degree; (2) trial counsel failed to obtain an independent analysis of bullet fragments; (3) trial counsel failed to personally appear at the appellant’s sentencing hearing; and (4) trial counsel failed to preserve the issue of the sufficiency of the evidence regarding whether the victim, Roderick Packer, suffered a “serious physical injury.”
*1075 It is well settled that the appellant must satisfy the two-prong test outlined in Strickland to successfully argue an ineffective-assistance-of-counsel claim. Williams v. State, 480 So.2d 1265 (Ala.Crim.App.1985). The Strickland test requires that the appellant prove not only that counsel’s performance was deficient, but also that the deficiency prejudiced the appellant.
I.
The appellant first argues that he was denied effective assistance of counsel at trial because, he claims, trial counsel failed to advise him of the plea offer made by the State on the day of trial. The appellant contends that he would have accepted the plea offer had trial counsel informed him of its existence. In his order denying the appellant’s Rule 32 petition, the trial judge found that the appellant had not proved this claim:
“Petitioner contends that on the day of trial the State offered to recommend a 15-year sentence in CC-97-1568 if he would plead to the charge of assault in the first degree, and to nolle prosequi CC-97-1567. He claims that his counsel failed to convey this offer to him and that he would have accepted it had he been apprised thereof. He offered the testimony of his father and of a friend to the effect that they had never heard the plea offer communicated to the Petitioner during any time that they were present.
“Petitioner’s trial counsel testified that on the morning of trial, he met in chambers with the assistant district attorney and the undersigned, but that he had no independent recollection of the offer extended by the State. He testified that it has always been his custom and practice to communicate offers from the State to his clients regardless of whether they are ‘good’ or ‘bad’ offers. Counsel testified that he was aware that Victim Roderick Packer did not come to court on the day of trial. He stated that Petitioner clearly felt that it was a case of self defense, and, inasmuch as the State had not performed any ballistics test, Petitioner continued to maintain that it was not his bullet that had felled the victim April Campbell. This turned out to be the centerpiece of the Petitioner’s defense.
“The assistant district attorney testified that up until the day of trial, the injuries on the case of April Campbell were so great, that no plea offer had ever been made. The State was seeking a conviction with substantial jail time. The defendant was out on bond. On the day of trial, Victim Roderick Packer failed to appear and the defendant was aware of this. At this point the State offered 15 years on the Campbell case and to nol pros the Packer case in exchange for the plea to assault first degree in the Campbell case. The offer was made in chambers before the judge and the defense attorney. Defense counsel left the room, returned five minutes later and stated, ‘We don’t have an agreement, we’ve got to go to trial.’ The Defendant’s strategy was to claim self defense, as he did from the minute he was arrested (both his testimony, noncustodial statement to the police, and taped confession, which are in the record, bear this out), and to deny responsibility for shooting April, laying blame for the shooting, instead, on the security guard.
“The Court finds that the Petitioner was conveyed the settlement offer but chose instead to proceed to trial, having been free on bond, and believing that he would prevail at trial inasmuch as he was represented by able counsel, and knowing there were no ballistics studies and that one of the victims had failed to appear.”
*1076 A review of the record and briefs on appeal indicates that the trial court’s ruling on this issue was proper, and we adopt the findings of the trial court on the appellant’s claim that he was denied effective assistance of counsel when trial counsel allegedly failed to advise him of the State’s plea offer. Ex parte Snell, 565 So.2d 271 (Ala.1990).
II.
Next, the appellant claims that appellate counsel was ineffective for failing to preserve for appeal the issue of trial counsel’s failure to request a jury instruction on the lesser-included offense of second-degree assault. However, the appellant’s appointed counsel conceded during the Rule 32 evidentiary hearing that the trial court instructed the jury on the offense of second-degree assault.[1] Because the trial court instructed the jury on second-degree assault, the appellant cannot argue that trial counsel’s failure to request such an instruction, or appellate counsel’s failure to argue this claim, was error.
III.
The appellant further argues that appellate counsel should have raised on direct appeal a claim that trial counsel was ineffective for failing to conduct independent ballistics tests on the bullet fragments. The appellant acknowledged that the decision not to conduct independent ballistics tests was a key part of a defense strategy focusing on the State’s failure to perform any ballistics analysis. The law is clear that, in order to prevail on an ineffective-assistance-of-counsel claim, “the defendant must overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ ” Strickland, supra, at 689, 104 S.Ct. 2052, quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). The appellant has shown the Court no evidence that would tend to indicate that this defense strategy was an error, much less that it was an error that frustrated his defense at trial. Because the appellant has not shown that trial counsel’s failure to obtain independent ballistics tests constituted ineffective assistance of counsel, he has not proved that appellate counsel was ineffective for his failure to pursue this worthless issue on appeal.
IV.
The appellant further claims that appellate counsel was ineffective for failing to raise on direct appeal a claim that the appellant was prejudiced by trial counsel’s failure to appear at his sentencing hearing. The appellant contends that trial counsel was ineffective because he sent his law partner to the hearing instead of appearing personally. The appellant admits that his stand-in counsel argued for concurrent sentences, and he has not shown this Court that the trial court would have sentenced him differently had trial counsel been present for the hearing. Appellate counsel was not ineffective for failing to argue this meritless issue.
V.
The appellant’s claim that appellate counsel was ineffective for failing to argue *1077 that trial counsel was ineffective for his failure to preserve the issue of insufficient evidence regarding the nature of Roderick Packer’s injuries appears to be meritorious on its face. The appellant had argued on direct appeal before this Court that the State failed to prove the victim suffered serious physical injury because the victim did not appear at trial • and the physician who testified had been called as a witness only to determine if any of the bullet fragments had damaged the nerves or vascular systems of the victim’s leg, and he had concluded they had not. This Court held in an unpublished memorandum on direct appeal released August 14, 1998, that defense counsel’s specific grounds stated in his motion for acquittal waived this matter for purposes of appeal. The trial court must be afforded the first opportunity to determine whether the appellant was denied effective assistance of appellate counsel. Because the trial court’s order did not make findings as to this issue, we remand this matter to the Mobile Circuit Court for that court to make findings as to this claim. Due return shall be made to this Court within 60 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. It should be noted that appointed counsel argued at the hearing that the trial court had improperly advised the jury that "a person commits the offense of assault in the second degree if he recklessly causes serious physical injury.” Appointed counsel contended that the jury charge was an incorrect statement of the law in that second-degree assault requires merely a physical injury, and not a serious physical injury. Appointed counsel was, however, mistaken in her belief, and the trial court correctly charged the jury on the offense of second-degree assault. Nonetheless, this argument was abandoned on appeal and is not properly before this Court.

 Note from the reporter of decisions: On February 22, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 22, 2002, that court denied rehearing, without opinion. On May 17, 2002, the Supreme Court denied certiorari review, without opinion (1011292).